**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ralph Leo FAIRCHILD, Defendant-Appellant.**

**No. 84-7624
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 10, 1986.

Charles S. Whitespunner, Jr., Mobile, Ala., for the U.S.

Before HILL, KRAVITCH and ED-MONDSON, Circuit Judges.

PER CURIAM:

Ralph Leo Fairchild, proceeding *pro se* on appeal, seeks to withdraw his guilty plea, have his conviction for engaging in a continuing criminal enterprise in violation of 21 U.S.C.A. § 848 reversed, and a trial. We find that Fairchild made a knowing, intelligent, and voluntary plea of guilty, and the district court did not abuse its discretion in denying Fairchild's motion to withdraw the plea. We further find that

Fairchild has failed to show ineffective assistance of counsel. We affirm.

Fairchild was indicted on November 22, 1982, on two counts of conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C.A. § 846, and two counts of conspiracy to import marijuana in violation of 21 U.S.C.A. § 963. Fairchild, represented by James D. Brooks, was arraigned, pleaded not guilty, and trial was set for February 7, 1983. Fairchild did not appear for trial and was later sentenced to five years in prison for this failure to appear. A warrant was issued for Fairchild's arrest on February 8, 1983. On April 6, 1984, another indictment was returned. This indictment charged Fairchild with one count of conspiracy to import 1,000 pounds of marijuana and one count of conspiracy to distribute and possession with intent to distribute 1,000 pounds of marijuana. Fairchild was arrested on May 10, 1984, and arraigned on May 14, again represented by Mr. Brooks. On June 8, a superseding indictment was returned. Fairchild was arraigned and again entered a plea of not guilty. The superseding indictment charged Fairchild in Count One with engaging in a continuing criminal enterprise. It also charged Fairchild with five counts of conspiracy to distribute and possession with intent to distribute marijuana and five counts of conspiracy to import marijuana. On August 20, Fairchild withdrew his plea of not guilty and pleaded guilty to Count One. The remaining charges were dropped as a part of the plea bargain. Fairchild received the minimum [1] sentence for the offense, ten years without parole. 21 U.S.C.A. § 848(a), (c).

Fairchild claims that his guilty plea was not knowing, intelligent, and voluntary because he received ineffective assistance of counsel from Brooks. Specifically, he alleges that Brooks was ineffective because

---

1. Had Fairchild succeeded in withdrawing his plea and going to trial, presumably this *minimum* sentence would have become his *maximum* exposure. *Cf. North Carolina v. Pearce,* 395 U.S. 711, 725–26, 89 S.Ct. 2072, 2080–81, 23 L.Ed.2d 656 (1969) (due process requires that vindictiveness against defendant for having successfully attacked first conviction must play no part in sentence he receives after new trial, and judge must justify more severe sentence by showing objective reasons based on defendant's conduct occurring after time of original sentencing proceeding).

he (1) did not adequately discuss the legal and factual basis of the indictment; (2) exaggerated the maximum possible penalties; (3) did not personally interview all the potential witnesses; (4) failed to advise him that the conspiracy charges in the indictment could not be used as predicate offenses for the continuing criminal enterprise charge; and (5) did not adequately advise him of his right to appeal.

"[A]n accused who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by his plea." *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir.1984) (citation omitted). In order to prove that Brooks was ineffective, Fairchild needed to show that Brooks' representation fell below a standard of reasonableness, and that a reasonable probability existed that but for Brooks' errors, he would not have pled guilty. *See Hill v. Lockhart,* — U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203, 210 (1985) (applying *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), effectiveness of counsel test to guilty plea challenges based on ineffectiveness of counsel).

 Fairchild failed to make this showing. This issue was remanded to the district court for an evidentiary hearing so that an adequate record could be made for review. At the evidentiary hearing, the trial judge found that Fairchild's testimony lacked credence. The court found no credible evidence to support Fairchild's claim. The court found Brooks' representation to be very effective. The record overwhelmingly supports this finding. Fairchild failed to show that Brooks was ineffective and, absent an abuse of discretion by the district court, the denial of a motion to withdraw a guilty plea must be upheld. *See United States v. Lake,* 709 F.2d 43, 45 (11th Cir.1983).

"Because a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. French,* 719 F.2d 387, 390 (11th Cir.1983), *cert. denied,* 466 U.S. 960, 104 S.Ct. 2174, 80 L.Ed.2d 557 (1984). To determine whether a guilty plea is actually voluntary, knowing, and intelligent the district court judge must address the defendant in open court and meticulously follow the provisions for such a dialogue set forth in Fed.R.Crim.P. 11. *United States v. Dayton,* 604 F.2d 931, 936–38 (5th Cir.1979) (*en banc*), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980).

The district court carefully followed the provisions of Fed.R.Crim.P. 11 before accepting Fairchild's guilty plea. The trial judge conducted an extensive colloquy with him. The court inquired about Fairchild's health, making sure that Fairchild was not under the influence of drugs, intoxicated or otherwise physically incapacitated; discussed with him his constitutional rights; the elements of the crime that the Government would have to prove; the minimum sentence for the crime charged; inquired about any coercion to plead guilty; and verified that Fairchild understood that he was waiving his right to trial. To every inquiry Fairchild responded that he understood, that he was not coerced, and that he was freely entering the plea. When the court verified the factual basis for the charges, Fairchild corrected one of the facts given by the Assistant United States Attorney and then personally agreed that the Government could prove all of the alleged facts if the case were tried.

Fairchild's own testimony, coupled with the district court's findings, both in accepting the guilty plea and in denying its withdrawal, speak strongly against Fairchild's claim. Where, as here, the provisions of Fed.R.Crim.P. 11 were scrupulously followed, the trial judge's determination that the plea was knowing, intelligent, and voluntary will only be overturned on a finding that the district court was clearly erroneous. *Dayton,* 604 F.2d at 941.

For these reasons, the judgment of the district court that Fairchild did receive competent counsel was not clearly erroneous, and the consequent denial of the motion to

withdraw the guilty plea is due to be upheld.

■ Fairchild raises several additional points on appeal including claims that: (1) the indictment was duplicitous and vague; (2) the actions of the Assistant United States Attorney constituted prosecutorial vindictiveness; and (3) there was an insufficient factual basis to support the indictment. "A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant." *United States v. Jackson*, 659 F.2d 73, 74 (11th Cir.1981), *cert. denied*, 445 U.S. 1003, 102 S.Ct. 1637, 71 L.Ed.2d 870 (1982) *quoting United States v. Saldana*, 505 F.2d 628, 629 (5th Cir.1974) (summary calendar). These claims are all nonjurisdictional, and, as such, are waived by Fairchild's knowing and voluntary guilty plea.

Because we find that the district court has not erred and that Fairchild has failed to show that his plea was not knowing, intelligent, and voluntary, the conviction is

AFFIRMED.