958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Connie K. BENNETT, Defendant-Appellant.
 No. 91-2097.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1992.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and REAVLEY, Senior Circuit Judge.*
 
 ORDER
 
 1
 Connie K. Bennett, a federal prisoner represented by counsel, appeals the district court's order denying her motion to correct sentence, or in the alternative, to reduce or modify sentence filed pursuant to former Fed.R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Bennett pleaded guilty to counts one, two, three and four of a forty-nine count indictment in which she was charged with forty-three counts of wire fraud and six counts of interstate transportation of money obtained by fraud (over $240,000) from her elderly aunt. All crimes to which Bennett pleaded guilty occurred prior to November 21, 1987. She was sentenced to four consecutive five year terms of imprisonment and ordered to pay restitution of $240,271.60 (a joint and several obligation imposed on Bennett and her co-defendant).
 
 
 3
 Bennett filed a motion to correct sentence or to reduce or modify her sentence pursuant to former Fed.R.Crim.P. 35. In her motion, she argued that her indictment was duplicitous and multiplicitous, thereby making her sentence illegal. She also argued that the consecutive terms of imprisonment amounted to multiple punishments for the same offense. The district court found her claim meritless and denied the motion.
 
 
 4
 On appeal, Bennett continues to argue the merits of her case. For the first time on appeal, she argues the district court erred by ordering her to make restitution. Both parties have filed briefs.
 
 
 5
 Upon review, we conclude the district court did not abuse its discretion in denying Bennett's Rule 35 motion. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). Bennett may not challenge the validity of the indictment in this motion because a Rule 35 motion presupposes a valid conviction and is an inappropriate vehicle for collaterally attacking the underlying proceeding. See United States v. Willis, 804 F.2d 961, 964 (6th Cir.1986). In addition, Bennett's guilty plea waived her challenge to the validity or legality of the indictment. See United States v. Broce, 488 U.S. 563, 569 (1989); United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir.1986) (per curiam).
 
 
 6
 The district court did not err by imposing consecutive sentences because consecutive sentences for multiple violations of the wire fraud statute are not illegal. United States v. Fermin Castillo, 829 F.2d 1194, 1199-1200 (1st Cir.1987); see also United States v. Stull, 743 F.2d 439, 444-45 (6th Cir.1984), cert. denied, 470 U.S. 1062 (1985); Bozel v. United States, 139 F.2d 153, 155-56 (6th Cir.1943), cert. denied, 321 U.S. 800 (1944).
 
 
 7
 Bennett also asserts that the district court erred by ordering her to pay restitution. The court will not address this issue as it was not raised before the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 8
 Accordingly, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation