**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  06a0372n.06**
**Filed:  May 26, 2006**

**Case No. 05-5309**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| **v.** | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE WESTERN** |
| **BRIAN MCWHIRTER,** | ) | **DISTRICT OF TENNESSEE** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

**BEFORE:  SILER, BATCHELDER, and GIBBONS, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.**  The appellant, Brian McWhirter, challenges his sentence under *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553.  Because the district court did not treat the Sentencing Guidelines as mandatory, and because it adequately considered the § 3553 factors when imposing its sentence, we affirm the decision of the district court.

McWhirter is a convicted felon who was apprehended while driving with expired license plates.  When officers searched the trunk of McWhirter's car, they discovered two guns in a backpack.  McWhirter told the officers that he had seized the weapons from two women in his hotel room who, during a heated argument, had threatened to kill one another.  His altruistic motive notwithstanding, McWhirter was indicted on three weapons-related charges:  two counts of being

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). He pled guilty to all three charges, and the district court sentenced him to fifty-seven months' imprisonment followed by three years of supervised release.

McWhirter now contends that his sentence does not comport with *United States v. Booker* or with 18 U.S.C. § 3553. Because he did not raise this objection before the district court, we review the sentence for plain error. *United States v. Johnson*, 403 F.3d 813, 815 (6th Cir. 2005). When applying the plain error standard, we must consider whether (1) there was an error; (2) the error was plain; and (3) the error affected McWhirter's substantial rights. *Id.* If so, we may remand the case for resentencing only if the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

We find that the district court's sentence was not plainly in error. During sentencing, the district court clearly articulated its understanding that the Guidelines were advisory, not mandatory. Next, it expressly stated that it had the option of assigning to McWhirter any sentence within the boundaries of the minimum and maximum statutory terms. The court used the lowest recommended Guidelines sentence as a starting point. It then noted McWhirter's "substantial" criminal history, which included escape, violent conduct and the prior possession of firearms. After also considering McWhirter's complicated domestic situation and his profession, the court concluded that McWhirter could eventually become a law-abiding citizen. Finally, the court noted with approval that McWhirter had expressed contrition during the sentencing hearing.

Because the district court did not treat the Guidelines as mandatory, it did not run afoul of *Booker*. We therefore review its sentence for reasonableness. *United States v. Christopher*, 415

2

F.3d 590, 594 (6th Cir. 2005). A sentence may be adjudged unreasonable when a district court fails to consider the applicable Guidelines range or the other factors enumerated in 18 U.S.C. § 3553(a). *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Sentences properly calculated under the Guidelines are endowed with a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Finally, lack of a "ritual incantation" of the § 3553 factors does not render a sentence unreasonable. *Id*. at 709 (quoting *Johnson*, 403 F.3d at 816).

In this case, the lowest sentence within the appropriately calculated Guidelines range served as both the district court's point of departure and its conclusion. Under *Williams*, the sentence is entitled to a rebuttable presumption of reasonableness. 436 F.3d at 708. Nonetheless, McWhirter argues, the district court did not properly consider 18 U.S.C. § 3553(a). We disagree. Although the district court did not recite the § 3553(a) factors, no such recitation is required. *Id*. at 709. The record reflects that after considering McWhirter's personal and criminal history, the nature of the offenses for which he was to be sentenced, his contrition, his capacity for gainful employment, and the need to protect the public from his further criminal behavior, the district court found the Guidelines sentence appropriate. This is sufficient. Accordingly, we find that the district court did not plainly err.

McWhirter's final argument is that his indictment was unlawfully duplicitous. Because he neither contested the indictment nor preserved the issue for appeal when he entered his plea, McWhirter has waived all non-jurisdictional challenges to the indictment. *See United States v. Broce*, 488 U.S. 563, 576 (1989) (defendant who pled guilty to multiple counts of conspiracy could not later assert that they arose from a single conspiracy); *United States v. Bennett*, No. 91-2097, 1992 WL 57000, at *1 (6th Cir. 1992) (unpublished disposition) (defendant who entered a guilty

3

plea has waived any challenge to a duplicitous indictment). We therefore decline to address the merits of McWhirter's claim.

For the reasons set forth above, we **AFFIRM** the judgment of the district court.