[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2007
THOMAS K. KAHN
CLERK

No. 06-16085
Non-Argument Calendar
_____

D. C. Docket No. 06-20435-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HANSA L. CHRISTOPHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 15, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Hansa L. Christopher appeals the district court's acceptance of her plea of guilty to aggravated theft, a violation of 18 U.S.C. § 1028A. Christopher contends that her plea was not knowing and voluntary, under Rule 11 of the Federal Rules of

Criminal Procedure, because the district court failed to ensure that she adequately understood the nature of the charge against her. She also challenges the sufficiency of the evidence supporting the government's factual proffer in support of the plea. After careful review, we affirm.

Generally, the district court's "factual finding that the requirements of [Rule] 11 were satisfied when it accepted the defendants' pleas is subject to the clearly erroneous standard of review." United States v. Lopez, 907 F.2d 1096, 1099 (11th Cir. 1990). Christopher, however, did not raise her Rule 11 argument in the district court, either by objecting or by moving to withdraw her guilty plea. Cf. United States v. Moriarty, 429 F.3d 1012, 1018 n.2 (11th Cir. 2005) (per curiam) (observing that to preserve a Rule 11 error a defendant should file a motion to withdraw the guilty plea in district court). Constitutional objections and alleged violations of Rule 11 that were not raised before the district court are reviewed for plain error only. See id. at 1018-19. To establish plain error, a defendant must show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127 (2005).

In evaluating whether a defendant has shown that her substantial rights were affected or prejudiced, this Court has examined the three "core objectives" of Rule 11: "(1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant

understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." United States v. Monroe, 353 F.3d 1346, 1354 (internal citations omitted). Moreover, we have upheld "plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns." Id.

Here, the district court did not plainly err by accepting Christopher's plea as voluntary, knowing, and intelligent because Christopher's plea colloquy met the three core objectives of Rule 11: (1) Christopher acknowledged that no one had promised her anything to plead guilty, nor had anyone threatened or forced her to plead guilty; (2) the district court reviewed and explained the nature of the charge to her; and (3) the court ensured that Christopher was aware of the direct consequences of her guilty plea by explaining that her plea waived his rights to a jury trial, to remain silent, and to cross-examine witnesses.

We are unpersuaded by Christopher's suggestion that she did not understand the nature of the charge against her. The government's delineation of the offense elements clearly set out that the use or possession of the identification of another must be without lawful authority. The government stated the elements of the charged offense, as follows:

> First, that the defendant knowingly possessed or used a means of identification of another person without lawful authority; and, second, that the defendant did so during and in relation to using a passport that

3

was secured by means of a false statement, in violation of Title 18, United States Code, Section 1542.

Chrisopher never indicated -- either by objecting, raising a question about the elements, or moving to withdraw her plea -- she did not understand the factual foundation for the plea. Nor was there anything terribly confusing to understand about this charge. Cf. United States v. DePace, 120 F.3d 233, 237 (11th Cir. 1997) (holding district court's inquiry into defendant's understanding of charge against her varies, depending on the "'relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence'" (citation omitted)). Indeed, on the "spectrum of complexity," the instant charge was a simple one, which involved neither "esoteric terms" nor "concepts unfamiliar to the law mind." Id. (quoting United States v. Dayton, 604 F.2d 931, 937-38 (5th Cir. 1979) (en banc)). In short, Christopher was properly apprised in open court of the nature of the charge, and indicated that she understood the nature of the charge, before she pled guilty.

Moreover, to the extent Christopher challenges the sufficiency of the evidence to support the government's factual proffer, she waived the ability to bring that non-jurisdictional claim by virtue of her knowing and voluntary guilty plea. See United States v. Viscome, 144 F.3d 1365, 1370 (11th Cir. 1998) (challenge to sufficiency of the government's evidence on element of crime, to which defendant pled, waived by defendant's guilty plea); United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir.

4

1986) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant." (internal quotation marks and citation omitted)).[1]

**AFFIRMED.**

---

[1] In any event, Christopher's suggestion that she thought she had lawful authority to use another person's birth certificate for the purpose of getting a U.S. passport, simply because the other person gave her consent to use the birth certificate for a fraudulent purpose, is without merit.