[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12336
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00157-CR-RDP-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PIERRE ERNEST FALGOUT, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and ANDERSON, Circuit Judges.

PER CURIAM:

Pierre Ernest Falgout, III, appeals his convictions and 11,520-month

sentence for 32 counts of producing child pornography, in violation of 18 U.S.C. § 2251(a).

## I

On appeal, Falgout argues that his indictment charged him with duplicative counts because most of the counts in the indictment charged him with essentially the same offense. However, a knowing and voluntary guilty plea waives an argument that the indictment was duplicitous. United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986). Therefore, Falgout waived his duplicitousness argument by pleading guilty to the counts in the indictment.

## II

Falgout next argues that his 11,520-month sentence was unreasonable because, during sentencing, the district court considered evidence that was not a proper part of the record, and did not give sufficient weight to the mitigating evidence that Falgout presented. He also argues that it was unreasonable for the district court to impose his sentences consecutively and not concurrently. We evaluate the instant sentence as effectively imposing a life sentence. See U.S.S.G. § 5G1.2(d), discussed infra at 6-7; see also infra at 9 n.1. We conclude that Falgout's challenge to the sentence must fail.

We review a sentence for unreasonableness under a "deferential abuse-of-

discretion standard." Gall v. United States, 552 U.S. ___,128 S.Ct. 586, 591 (2007). If a defendant fails to object to facts that are contained in the pre-sentence investigation report ("PSI"), he is deemed to have admitted those facts. United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006).

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guidelines, treated the guidelines as mandatory, failed to consider the 18 U.S.C § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed adequately to explain the chosen sentence. Gall, 522 U.S. at ___, 128 S.Ct. at 597. A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to

criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted).

An example of the application of all these factors to a child pornography defendant can be seen in Pugh, where the defendant was convicted of having child pornography, and the district court gave him a significant downward variance during sentencing. 515 F.3d at 1183, 1187. The district court relied on a number of mitigating factors, including: (1) the defendant's lack of a criminal history; (2) the fact that he did not specifically seek out child pornography; and (3) the testimony of an expert witness, who stated that the defendant primarily was addicted to adult pornography and had a low risk of recidivism. Id. at 1184-87. We concluded that the significant downward variance was substantively unreasonable, in part, because the final sentence did not afford adequate deterrence to criminal conduct, which "is particularly compelling in the child pornography context." Id. at 1194. In addition, we found that the downward variance did not reflect the seriousness of the offense, the guideline sentencing range, and the need

4

to protect the public from further crimes by the defendant. Id. at 1195, 1200-01.

Falgout's sentence was neither procedurally nor substantively unreasonable because the district court considered multiple § 3553(a) factors and determined that a downward variance was not warranted due to the extremely egregious nature of Falgout's offenses. With regard to procedural unreasonableness, Falgout does not argue that the district court improperly calculated his guideline range, treated the guidelines as mandatory, or failed to explain the chosen sentence. Turning to the remaining procedural reasonableness factors, the district court explicitly considered a number of § 3553(a) factors when it was determining Falgout's sentence: (1) the nature and circumstances of the offenses; (2) Falgout's history and characteristics; (3) the seriousness of the offenses; and (4) the need to protect the public from further crimes committed by Falgout. Therefore, the district court did not fail to consider the § 3553(a) factors. With regard to whether the district court sentenced Falgout using clearly erroneous facts, the facts that the district court used to sentence him came from the PSI and the accompanying images and video, none of which were objected to by Falgout. Because Falgout's failure to object to the PSI resulted in him admitting the facts that the PSI set forth, and because he does not argue that the inferences that the district court drew from the pictures and video were clearly erroneous, the district court did not sentence him

using clearly erroneous facts. See Bennett, 472 F.3d at 833-34. Therefore, Falgout's sentence is procedurally reasonable.

Turning to the issue of substantive reasonableness, the instant situation is similar to the one that this Court addressed in Pugh. Just like the expert witness in Pugh, who testified that the defendant in that case had a low risk of recidivism, Dr. Preston, in the instant case, testified that there was a possibility that Falgout could be rehabilitated. See Pugh, 515 F.3d at 1184-87. In addition, similar to the defendant in Pugh, who had no prior criminal history, Falgout was a law-abiding citizen for most of his life, and his criminal history category was I. See 515 F.3d at 1184-87. However, in Pugh, this Court found that these mitigating factors were not sufficient to justify a significant downward variance. See 515 F.3d at 1194. In the instant case, Falgout's criminal conduct was far more egregious than the conduct of the defendant in Pugh, and, therefore, like Pugh, the mitigating factors in the instant case do not justify a downward variance. See id. Accordingly, Falgout's sentence was substantively reasonable, and the district court did not abuse its discretion in denying him a downward variance.

Section 5G1.2(d) provides for the imposition of consecutive sentences under the circumstances in this case. That section states, "If the sentence imposed on the count carrying the highest statutory maximum is less than the total

6

punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d).  Here, the "total punishment" under the Sentencing Guidelines called for life imprisonment, and yet the statutory maximum for the count with the highest maximum was 30 years.  Thus, the district court properly followed § 5G1.2 by imposing the sentences for multiple counts consecutively in these circumstances. United States v. Davis, 329 F.3d 1250, 1253-54 (11th Cir. 2003) (upholding the imposition of consecutive sentences under § 5G1.2(d) of the Sentencing Guidelines).

III

Falgout finally argues that his sentence violates the Eighth Amendment's ban on cruel and unusual punishment because it is grossly disproportionate to the offenses that he committed.

If a sentencing issue is raised for the first time on appeal, we will review that issue only for plain error.  United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).  Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights.  Id.  When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the

7

fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776 (1993). Review for plain error requires an error to be clear or obvious. United States v. Straub, 508 F.3d 1003, 1008 (11th Cir. 2007).

In a non-capital case, "the Eighth Amendment encompasses, at most, only a narrow proportionality principle," and, therefore "successful challenges to the proportionality of sentences are exceedingly rare." United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) (emphasis in the original). To determine whether a sentence violates the Eighth Amendment:

> a reviewing court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.

Id. at 1324.

In the instant case, Falgout committed a number of extremely serious offenses against very young children that the district court found to be some of the worst offenses that it had ever seen. Falgout states in a very conclusory manner that his sentence was disproportionate to his crime and to other similar convictions in the district but provides no support. Because it is not obvious that Falgout's sentence is disproportionate to his offenses, this sentence does not constitute a

8

plain error violation of the Eighth Amendment's bar to cruel and unusual

punishment.  Accordingly, we affirm the district court's decision.

**AFFIRMED.**[1]

---

[1]  We decline to address whether an 11,520 month sentence is more than is "sufficient but not greater than necessary" as provided for in 18 U.S.C. § 3553(a).  We decline to address that because Falgout's brief fails to make that argument with sufficient clarity, and also for the following reason.  We readily hold in this case that a sentence that will guarantee that Falgout remains in prison for life is a reasonable sentence.  Thus, the argument that we decline to address could not possibly benefit Falgout.