[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11721
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20763-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN SANABRIA,
a.k.a. Pedro,
a.k.a. Pepe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 11, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

John Sanabria appeals his judgment of conviction entered following his guilty plea to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). Sanabria contends that the Supreme Court's decision in Cuellar v. United States, 553 U.S. 550, 128 S. Ct. 1994 (2008), makes it such that he was guilty only of transporting money, not money laundering, because the government could not have proved beyond a reasonable doubt that his activities were designed to conceal and disguise the nature, source, ownership, or control of the money. Moreover, he complains that he was not made aware of the Cuellar decision until after his sentencing.[1]

I.

Sanabria claims that he "should not have been charged with, convicted of, or sentenced for money laundering" because the government could not have proved beyond a reasonable doubt that he was guilty. Sanabria's guilty plea, however,

---

[1]  Because Sanabria did not object to the alleged errors before the district court, we review for plain error. To establish plain error, the defendant has the burden to show: (1) an error; (2) that is plain; (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). If these criteria are met, the court may exercise its discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted). "In the context of a Rule 11 error, prejudice to the defendant means a reasonable probability that, but for the error, [the defendant] would not have entered the plea." United States v. Brown, 586 F.3d 1342, 1345 (11th Cir. 2009) (quotation marks omitted).

waived all non-jurisdictional defects in the proceedings below, including his contention that there was an insufficient factual basis to support the indictment and insufficient evidence to support his conviction. See United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986); United States v. Viscome, 144 F.3d 1365, 1370 (11th Cir. 1998). Sanabria is therefore barred from arguing "that his conduct did not meet the elements of the charge[]." United States v. Evans, 478 F.3d 1332, 1339 n.7 (11th Cir. 2007).

It is unclear, but it may be that Sanabria is arguing that the district court violated Rule 11 by failing to ensure there was a sufficient factual basis for the plea. The district judge must determine whether "the conduct which the defendant admits constitutes the offense . . . to which the defendant has pleaded guilty." United States v. Lopez, 907 F.2d 1096, 1100 (11th Cir. 1990) (quoting McCarthy v. United States, 394 U.S. 459, 467, 89 S. Ct. 1166, 1171 (1969)). "The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." Id. "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." Id. We find that the factual proffer submitted in connection with Sanabria's guilty plea, which Sanabria signed and does not contest on appeal,

3

contained a sufficient factual basis to support his conviction.

To convict a defendant of conspiracy to commit money laundering, the government must prove that (1) there was an agreement to launder money, and (2) the defendant, knowing the unlawful plan, voluntarily joined the conspiracy. See United States v. Johnson, 440 F.3d 1286, 1294 (11th Cir. 2006). A defendant is guilty of money laundering where he conducts a financial transaction involving the proceeds of unlawful activity, "knowing that the transaction is designed . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a)(1)(B)(i). In interpreting a parallel provision of § 1956, the Supreme Court held that the statutory language requiring a "design . . . to conceal or disguise" was not satisfied where the evidence showed only that a defendant concealed funds during their transport. Cuellar, 553 U.S. at 563-68, 128 S. Ct. at 2003-06 (discussing § 1956(a)(2)(B)(i)). Instead, the defendant must know or intend that the purpose of the transportation itself was the concealment or disguise of the nature, location, source, ownership, or control of the funds. Id.

The factual proffer established that Sanabria agreed with other individuals to help transfer money that had been derived from unlawful activities from the United States to Colombia. On three occasions, Sanabria met with an individual he

4

believed to be involved in the agreement (but was actually a confidential informant working with the Internal Revenue Service ("IRS")), each time delivering a duffel bag full of cash in vacuum-sealed plastic bags. In total, Sanabria transferred more than $300,000 worth of drug proceeds to the confidential informant, and "[o]n each occasion, the defendant transferred the currency to [the informant] as a result of an agreement with other people that the money, which he knew was proceeds of unlawful activity, would be transferred to Colombia in a manner that concealed its source and origin." The district court did not err, much less plainly err, in concluding that there was a sufficient factual basis for Sanabria's guilty plea.[2]

## II.

Sanabria additionally points out that, when he entered his guilty plea, he did not know about the Supreme Court's decision in <u>Cuellar</u> and did not understand that the government would need to prove he knew or intended that the transportation itself have the purpose of concealing or disguising the nature, location, source, ownership, or control of the funds. Thus, he contends the district

---

[2]     To determine whether there was error and whether it affected substantial rights, "we may consider the whole record, not just the plea colloquy." United States v. Moriarty, 429 F.3d 1012, 1020 n.4 (11th Cir. 2005). Here, Sanabria did not object to statements in the pre-sentence investigation report ("PSI") that he delivered cash to the confidential informant knowing it was drug proceeds and "would be transferred to Colombia in a manner that concealed its source and origin." Sanabria likewise did not challenge the portion of the PSI noting that he assisted in the money laundering operations by making United States currency deliveries via the Black Market Peso Exchange, and he admitted in a written statement to the probation officer that he had "become involved in a conspiracy to commit money laundering."

court erred at the plea colloquy by failing to explain fully to him the elements of the offense. "There are no hard and fast rules" as to how district courts must ensure that defendants understand the charges against them; instead, "[a]ny proceeding that accomplishes this goal is sufficient to satisfy the Rule." United States v. Jones, 143 F.3d 1417, 1419 (11th Cir. 1998). "For simple charges . . . a reading of the indictment, followed by an opportunity given the defendant to ask questions, will usually suffice." Lopez, 907 F.2d at 1099 (quotation marks omitted). We will affirm "if the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting constituted the crime charged." Id.

During the plea colloquy, the district court ensured that Sanabria received a copy of the indictment and had an opportunity to fully discuss the allegations with his attorney. The court then described the allegations in the relevant count of the indictment, including the statutory elements of the offense and what the government would need to prove in order to establish a conspiracy.[3] Thereafter,

---

[3] Significantly, the indictment and the court's explanation of the offense tracked the statutory language of § 1956, including the element that the defendant "know[] that the transaction[] [is] designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified unlawful activity." Similarly, the factual proffer, which was "stipulate[d] and agree[d] to . . . as the basis for the defendant's plea of guilty" to money laundering conspiracy, provided that Sanabria acted pursuant to an agreement to transfer the drug proceeds to Colombia in a manner that would conceal their source and origin.

6

Sanabria testified that he understood the allegations of the money laundering conspiracy charge and that he did not have any questions; he never objected or expressed confusion at any point during the proceeding. Upon this record, we conclude that Sanabria "understood what he was admitting and that what he was admitting constituted the crime charged."[4] Id. at 1099.

**AFFIRMED.[5]**

---

[4] Even assuming there was error that was plain, Sanabria cannot establish a reasonable probability, that, but for the district court's choice not to further elaborate on the elements of the offense and the Cuellar decision, he would not have entered the guilty plea. This is especially true in light of the signed factual proffer, Sanabria's written statement to the probation officer, and the IRS investigation, which concluded that Sanabria was conducting money laundering transactions in the form of deliveries via the Black Market Peso Exchange. The evidence against Sanabria was strong, and it is not clear what benefit he would have received by withdrawing his plea and proceeding to trial. See United States v. Dominguez Benitez, 542 U.S. 74, 85, 124 S. Ct. 2333, 2341 (2004) ("When the record made for a guilty plea and sentencing reveals [strong evidence of guilt] . . . one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial.").

[5] Sanabria's request for oral argument is DENIED.