[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11898
Non-Argument Calendar

_____

D.C. Docket No. 9:10-cr-80134-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY WINTFIELD ROLLE,
a.k.a. Junia Rolle,
a.k.a. Stanley Rolle,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 27, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Stanley Wintfield Rolle pled guilty to attempting to smuggle aliens to the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).[1] Rolle's vessel was first observed approximately forty-three nautical miles off the coast of Florida, and he was apprehended approximately twenty-two nautical miles off the coast.[2]

By unconditionally pleading guilty, Rolle waived all non-jurisdictional defects in the proceedings against him. See United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant.") (quotations omitted). He contends that the district court did not have jurisdiction because Congress did not intend for § 1324(a)(2)(B)(ii) to apply extraterritorially.

---

[1] Under 8 U.S.C. § 1324:

> Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to . . . the United States, . . . attempts to bring to the United States in any manner whatsoever, such alien . . . shall . . . in the case of an offense done for the purpose of commercial advantage or private financial gain, . . . be fined under Title 18 and shall be imprisoned . . . .

8 U.S.C. § 1324(a)(2)(B)(ii).

[2] For purposes of this appeal, we assume without deciding that Rolle's conduct occurred outside the territory of the United States. See 33 C.F.R. § 2.22(a)(1), (a)(2) (establishing a three-mile boundary for some statutes and a twelve-mile boundary for others); see also 33 C.F.R. § 2.28(b) (establishing a twenty-four-mile "contiguous zone").

2

Generally, we review challenges to the district court's subject matter jurisdiction de novo.  See Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).

United States district courts "have original jurisdiction . . . of all offenses against the laws of the United States."  18 U.S.C. § 3231.  "Where the Government charges a defendant with an offense against the laws of the United States, the district court has authority to adjudicate whether the defendant violated that law, unless there is a separate limit on subject matter jurisdiction."  United States v. Pena, 684 F.3d 1137, 1145 (11th Cir. 2012).

In Morrison v. National Australia Bank Ltd., 130 S. Ct. 2869 (2010), the Supreme Court noted that the extraterritorial reach of a securities statute is not a question of subject matter jurisdiction.  "[T]o ask what conduct [a statute] reaches is to ask what conduct [the statute] prohibits, which is a merits question. Subject-matter jurisdiction, by contrast, refers to a tribunal's power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief."  Id. at 2877 (quotations and citations omitted).

Rolle's argument that § 1324 does not apply extraterritorially addresses only the "merits question" of whether the statute prohibits his conduct.  Under Morrison, this challenge does not affect the district court's power to hear Rolle's

3

case.  See id.  Because the extraterritorial reach of the statute is not a question of

jurisdiction, Rolle waived any argument on this issue by pleading guilty.  See

Fairchild, 803 F.2d at 1124.  Accordingly, we affirm and do not address whether

§ 1324(a)(2)(B)(ii) applies extraterritorially.  See, e.g., United States v.

Villanueva, 408 F.3d 193, 197-99 (5th Cir. 2005).[3]

AFFIRMED.

---

[3]    We also reject Rolle's arguments on the following issues, both of which are non-jurisdictional and were thus waived by his guilty plea: (1) whether the district erred by not suppressing evidence due to a lack of probable cause to stop Rolle's ship, see United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973) (suppression is not a jurisdictional issue); and (2) whether the evidence was sufficient to show a violation of § 1324(a)(2)(B)(ii), see United States v. Ternus, 598 F.3d 1251, 1254 (11th Cir. 2010) (sufficiency of the evidence is not a jurisdictional issue).

4