**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-10360

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARIO LENARD ELBERT,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00130-HLA-LLL-1

_____

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty to drug and gun crimes, Mario Elbert was sentenced to serve 84 months in prison. He now appeals his convictions and sentence, raising three arguments: (1) the sentence

is substantively unreasonable; (2) the sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment; and (3) an insufficient factual basis supports his guilty plea to the gun offense.  The government has filed a motion for partial dismissal and partial summary affirmance.

## I.

In 2022, a federal grand jury charged Elbert with one count of possession with intent to distribute fentanyl, *see* 21 U.S.C. § 841(a)(1) & (b)(1)(C) (Count One); one count of possession of a firearm in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); two counts of possession of a firearm by a convicted felon, *see* 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Counts Three and Five); and one count of possession of a machinegun, *see* 18 U.S.C. §§ 922(o)(1) and 924(a)(2) (Count Four).

Elbert pled guilty to Counts One and Two under a written plea agreement.  According to a stipulated factual basis, Elbert fled from a traffic stop on foot, after an officer saw suspected drug-packaging materials in his vehicle.  Officers pursued him and found him lying on the ground in the woods.  In his immediate area, officers found around two ounces of suspected cocaine, which turned out to be 54 grams of a mixture containing fentanyl; a pistol with one round in the chamber; and a magazine loaded with the same ammunition that was in the gun.  Officers found another similar magazine in the car.  Finally, the stipulation said that an ATF agent was available to testify that firearms are tools of the drug trade and drug dealers often possess them for protection.

Elbert's plea agreement included among its terms a section titled and underlined, "Defendant's Waiver of Right to Appeal the Sentence." In that section, Elbert "expressly waive[d] the right to appeal [his] sentence on any ground," except on the grounds that (1) the sentence exceeds the guideline range, (2) the sentence exceeds the statutory maximum, and (3) the sentence violates the Eighth Amendment. Under the terms of the waiver, Elbert would be released from the waiver if the government appealed. Elbert initialed each page of the agreement, and he and his attorney signed the agreement under a certification stating that Elbert had read the agreement and fully understood its terms.

A magistrate judge conducted Elbert's plea colloquy with his consent. The judge confirmed that Elbert understood the elements of the two offenses, his possible penalties, and the rights he was waiving by pleading guilty. The judge also questioned Elbert about the plea agreement, which he confirmed he had read and discussed with his attorney. The judge told Elbert, "[Y]ou are waiving your right to appeal your sentence on almost every ground," except for limited exceptions, which the judge accurately summarized. Elbert confirmed that he made the waiver freely and voluntarily and did not have any questions. Elbert also admitted that the factual basis was true and that he knowingly possessed a firearm in furtherance of the drug-trafficking crime. The magistrate judge found that a sufficient factual basis supported the guilty plea and that Elbert entered the guilty plea knowingly and voluntarily. The district court accepted the plea without any objections.

Elbert's presentence investigation report ("PSR") recommended a guideline range of 37 to 46 months for Count One, based on a total offense level of 21 and a criminal-history category of I. Count Two required a minimum term of 60 months' imprisonment consecutive to any other sentence. *See* 18 U.S.C. § 924(c)(1)(A)(i).

In late November 2023, before sentencing, Elbert moved for a status hearing, advising that he wished "to explore his options regarding potential grounds to withdraw his plea." The court held a hearing on the motion on December 12, 2023, and then gave Elbert until December 28, 2023, to file a motion to withdraw his guilty plea. Elbert did not file anything until January 11, 2023, when he submitted an unopposed motion to continue sentencing. In the motion, defense counsel advised that she had not been able to discuss plea withdrawal with Elbert, and that she was scheduled to meet with him to discuss the next day. The denied court denied the motion.

At the sentencing hearing, Elbert did not raise any objection to imposing sentence. After hearing argument from the parties, the district court sentenced Elbert to a total of 84 months in prison. The sentence consisted of a 24-month term on Count One, plus a consecutive 60-month term on Count Two. Elbert timely appeals.

## II.

We start with Elbert's challenge to the substantive reasonableness of his sentence. The government moves to dismiss this issue based on the sentence appeal waiver in his plea agreement.

We review de novo the validity and scope of an appeal-waiver provision. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are knowing and voluntary. *Id.* at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

Here, the government has shown that the appeal waiver is enforceable. As we recounted above, the magistrate judge specifically questioned Elbert about the appeal waiver during the plea colloquy, and it's otherwise clear from the record, particularly Elbert's comments during the colloquy about the waiver, that he understood the waiver's full significance. Thus, Elbert knowingly and voluntarily waived the specified appeal rights. Because Elbert's challenge to the reasonableness of his below-guideline sentence does not fall within an exception to the waiver, we enforce the waiver on this issue and grant the government's motion to dismiss.

## III.

Next, Elbert argues for the first time on appeal that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. While this argument comes within an

exception to the appeal waiver, Elbert falls far short of establishing an Eighth Amendment violation.

To obtain relief from a noncapital sentence under the Eighth Amendment, the defendant must show that the sentence is "grossly disproportionate to the offense committed." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (quotation marks omitted). But "a sentence within the statutory limits generally does not violate the Eighth Amendment." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006); *United States v. Moriarty*, 451 F.3d 1239, 1243 (11th Cir. 2006) ("In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.") (quotation marks omitted). We have "never held that a non-capital sentence for an adult violated the Eighth Amendment." *United States v. Suarez*, 893 F.3d 1330, 1336 (11th Cir. 2018).

Elbert was convicted of violating § 924(c)(1)(A), which had a statutory minimum term of five years and a maximum term of life imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(i); *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000) ("[E]very conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment."). The statutory maximum for his § 841 drug offense was twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Thus, Elbert's offenses carried a potential maximum sentence of life plus twenty years.

Because the district court sentenced Elbert well within the statutory limits and below the advisory guideline range, "he has

not made a threshold showing of disproportionality with respect to his sentence." *Johnson*, 451 F.3d at 1243. Elbert's 84-month sentence was just eleven months longer than the 73-month sentence he requested at sentencing. And given his relatively young age (35 at the time of sentencing), we flatly reject Elbert's characterization of his sentence as "essentially a life sentence."

For these reasons, the government's position is clearly correct as a matter of law so that there can be no substantial question as to the outcome of the case. *See Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019) (summary disposition on appeal is warranted where, among other circumstances, "the result is clear as a matter of law so that there can be no substantial question as to the outcome"). Accordingly, we grant the motion for summary affirmance on this issue.

## IV.

Finally, Elbert contends that an insufficient factual basis supports his guilty plea to the § 924(c)(1)(A) gun offense because the record does not establish a connection between the gun and his drug-trafficking crime. This argument is not barred by the appeal waiver. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) ("[A]n appeal waiver does not bar a Rule 11 claim that there is an insufficient factual basis to support a guilty plea.").

We summarily affirm the district court on this issue as well, albeit on different grounds than the government offers.[1] *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) ("[W]e may affirm for any reason supported by the record.") (quotation marks omitted). Where, as here, a defendant fails to object to the sufficiency of the factual basis in the district court, "our review is only for plain error." *Puentes-Hurtado*, 794 F.3d at 1285. To obtain relief under that standard, Elbert must show that there was error, it was plain, and it affected his substantial rights. *Id.* at 1286. We may choose to correct the error if it seriously affects the fairness, integrity, or reputation of judicial proceedings. *Id.*

The ordinary standard for evaluating a factual-sufficiency claim is whether the court was "presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990). There is no requirement that there be "uncontroverted evidence" of guilt. *United States v. Owen*, 858 F.2d 1514, 1516–17 (11th Cir. 1988). The purpose of the requirement that a district court conduct a sufficient inquiry into the factual basis for the plea is "to protect a defendant

---

[1] The government contends that a challenge to the sufficiency of the factual basis for a plea is a non-jurisdictional claim that is waived by the guilty plea. *See United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986). But in *United States v. Puentes-Hurtado*, we held that we were bound by cases predating *Fairchild*, which had "set aside guilty pleas because of insufficient factual bases." 794 F.3d 1278, 1286 (11th Cir. 2015). We therefore follow *Puentes-Hurtado* and address Elbert's "claim that there was an insufficient factual basis for his plea." *Id.* at 1287.

who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *Lopez*, 907 F.2d at 1100.

Section 924(c)(1)(A) makes it a crime for a person to knowingly possess a firearm "in furtherance of" a drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A). To prove possession in "furtherance," the prosecution must establish that "the firearm helped, furthered, promoted, or advanced the drug trafficking." *United States v. Timmons*, 283, F.3d 1246, 1252 (11th Cir. 2002); *see Untied States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008) ((listing factors to be considered). "In other words, mere possession of the firearm is not enough: the evidence must show that the firearm assisted the defendant's drug trafficking in some way." *United States v. Holmes*, 141 F.4th 1183, 1199 (11th Cir. 2025). But evidence suggesting that a drug dealer carried a gun for protection while in possession of drugs is usually enough to establish the necessary nexus. *See id.* at 1199–1200; *Woodard*, 531 F.3d at 1362.

Here, the district court did not abuse its discretion in finding that a sufficient factual basis existed for the plea. *See Holmes*, 141 F.4th at 1100–01. Elbert admitted as part of his plea agreement that, following a traffic stop of his car, which contained suspected drug-packaging materials and a gun magazine, he fled on foot and was found by police with a pistol loaded with one round, a magazine loaded with matching ammunition, and 54 grams of a mixture containing fentanyl. He also admitted that a government witness was available to testify that drug dealers often use guns for protection. Then, during the plea colloquy, Elbert told the magistrate

judge that he possessed the gun in furtherance of his fentanyl-trafficking offense. These facts are sufficient to support a reasonable conclusion that the gun was present to assist Elbert in trafficking the fentanyl he possessed with the intent to distribute. *See Holmes*, 141 F.4th at 1200.

Because it is clear as a matter of law that there was a sufficient factual basis for Elbert's § 924(c)(1)(A) offense, we summarily affirm on this challenge as well.

## V.

In sum, we **DISMISS in part** the appeal, and we summarily **AFFIRM in part**.