[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT. 14, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-10268
Non-Argument Calendar

_____

D. C. Docket No. 00-02310-CV-J-NW

DORIS CHANEY, individually
and as class representative,
GERALD HAMMOCK, individually
and as class representative,

Plaintiffs-Appellants,

versus

TENNESSEE VALLEY AUTHORITY,
a corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 14, 2001)**

Before CARNES, MARCUS and GODBOLD, Circuit Judges.

PER CURIAM:

Plaintiffs are "temporary augmentation" employees of contractors who performed temporary construction work and temporary operation and maintenance for the Tennessee Valley Authority. Employees of TVA are, in accord with the Tennessee Valley Authority Act, 16 U.S.C. § 831 (1994), paid the prevailing wage rates for work of a similar nature in the community. Plaintiffs allege that, though hired by contractors they perform work similar to or equivalent to that done by TVA employees, and therefore are entitled to be paid the same wages paid to trade and labor employees of TVA itself.

Plaintiffs allege a federal jurisdictional question. TVA filed a motion to dismiss for lack of subject matter jurisdiction. The district court found that it lacked subject matter jurisdiction and dismissed the case.

We review de novo a district court's order granting a motion to dismiss for lack of subject matter jurisdiction and its interpretation and application of statutory provisions. See JBP Acquisitions, LP v. U.S., 224 F.3d 1260, 1263 (11th Cir. 2000).

The issue before us is whether the district court correctly interpreted 16 U.S.C. § 831(b). The statute states in relevant part: "In the event any dispute arises as to what are the prevailing rates of wages, the question shall be referred to the Secretary of Labor for determination, and his decision shall be final." 16 U.S.C. §

2

831(b).  The statute is clear on its face.  In this case there is a dispute.  The dispute involves the prevailing rates of wages.  The Secretary of Labor has exclusive jurisdiction over disputes involving the prevailing rates of wages.

AFFIRMED.