[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-14710
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 13, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00281 CR-T-30-MSS

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                          versus

LUIS ANCIZAR CHAMORRO BETANCOURTH,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 13, 2009)**

Before WILSON and COX, Circuit Judges, and ALBRITTON,* District Judge.

COX, Circuit Judge:

_____

*Honorable William H. Albritton, III, United States District Judge for the Middle District of Alabama, sitting by designation.

In this appeal, we consider whether a defendant who has entered an unconditional guilty plea to violations of the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 et seq. (2008), has waived his right to challenge the United States' jurisdiction to prosecute him. Holding that his challenge is one to the subject matter jurisdiction of the federal courts, we find that he has not waived the right to bring that challenge and consider it on the merits. We find that jurisdiction existed in this case and thus affirm the conviction. We also affirm the sentence.

## I. BACKGROUND

Luis Ancizar Chamorro Betancourth ("Chamorro") was indicted for two drug crimes, conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, both violations of the Maritime Drug Law Enforcement Act ("the Act"), 46 U.S.C. § 70501 et seq. (2008).[2]

Chamorro moved to dismiss the indictment. At a hearing on Chamorro's motion and the Government's motion for a judicial determination of jurisdiction, Chamorro presented evidence and argued that the United States could not prosecute

_____

[2]At the time Chamorro was apprehended and charged, these crimes were codified at 46 App. U.S.C. § 1902 et seq. (2002). Since then, the statute has been recodified. For clarity, we use the current citations in this opinion.

2

him under the Act because he had been on board an Ecuadorian vessel and the Ecuadorian government had not consented to the United States' exercise of jurisdiction over that vessel pursuant to 46 U.S.C. § 70502(c)(1)(C). The Government also presented evidence at the hearing. The Government argued that its evidence demonstrated that Ecuador had, in fact, consented to the United States' exercise of jurisdiction over the vessel and over Chamorro (who is Colombian) and a Colombian co-defendant. The district court found that Ecuador had consented and that the United States had jurisdiction to prosecute Chamorro. Therefore, the district court granted the Government's motion for a judicial determination of jurisdiction and denied Chamorro's motion to dismiss the indictment.

Thereafter, Chamorro pled guilty to both crimes. At the time of his plea, his attorney stated that Chamorro desired to reserve for appeal the question of whether the United States had jurisdiction to prosecute him under the Act.

Chamorro was sentenced to 135 months in prison and five years supervised release, at the bottom of the advisory United States Sentencing Guidelines range. That range was calculated based on a drug quantity of approximately 2,721 kilograms of cocaine. Chamorro was granted a two-level reduction in his offense level for meeting the criteria for a safety valve reduction, another two-level reduction for

acceptance of responsibility, and an additional one-level reduction for timely notifying the Government of his intent to plead guilty. At the sentencing hearing, Chamorro objected to the amount of cocaine used in the Guidelines calculation. He also objected to the court's failure to grant him a minor role reduction. Finally, he argued that his sentence was unreasonable.

## II. ISSUE ON APPEAL & CONTENTIONS OF THE PARTIES

Chamorro challenges his conviction on the ground that the United States did not have jurisdiction to prosecute him. He argues that his guilty plea was conditional and did not waive the jurisdictional issue he raises on appeal because subject matter jurisdiction, which is at issue here, is not waivable.[3]

The Government responds that the type of jurisdiction about which Chamorro argues is not properly considered subject matter jurisdiction and, therefore, it may be waived in an unconditional plea agreement. The Government also argues that Chamorro's guilty plea was unconditional and that Chamorro waived his right to raise the question of whether the United States had jurisdiction to prosecute him.

---

[3]Chamorro also appeals his sentence, arguing that the district court erred in determining the drug quantity and in denying him a minor role reduction. He also argues that his sentence is unreasonable. After review of the record, we conclude that these arguments are meritless. The district court did not commit clear error in determining the drug quantity or in denying Chamorro a minor role reduction. And, the sentence is not unreasonable.

4

### III. STANDARDS OF REVIEW

"We review *de novo* a district court's 'interpretation and application of statutory provisions' that go to whether the court has subject matter jurisdiction." *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002) (*quoting Chaney v. Tennessee Valley Auth.*, 264 F.3d 1325, 1326 (11th Cir. 2001)). "The district court's factual findings with respect to jurisdiction, however, are reviewed for clear error." *Id.* (*citing Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir.1999)).

### IV. DISCUSSION

As a preliminary matter, we address Chamorro's contention that he entered a conditional guilty plea. While Chamorro's attorney did state, on the record, that it was Chamorro's desire to reserve the issue of jurisdiction for appeal, that did not convert his guilty plea into a conditional plea. "[A] conditional plea must be in writing and must be consented to by the court and by the government." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (*citing* Fed. R. Crim. P. 11(a)(2)). Chamorro's guilty plea was not in writing, and the Government did not consent to it being conditional. Chamorro's guilty plea was unconditional.

A defendant who enters an unconditional plea of guilty waives all nonjurisdictional challenges to the conviction, but challenges to the subject matter

jurisdiction of the federal courts cannot be waived. *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (*citing Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir.2005); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)).

In 1996, Congress added the following language to the Act regarding jurisdiction:

> Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge.

46 U.S.C. § 70504. We have said that this language "unambiguously mandates that the jurisdictional requirement be treated only as a question of subject matter jurisdiction for the court to decide." *Tinoco*, 304 F.3d at 1106. *See also De La Garza*, 516 F.3d at 1271 ("We have interpreted the 'on board a vessel subject to the jurisdiction of the United States' portion of [the Act] as a congressionally imposed limit on courts' subject matter jurisdiction, akin to the amount-in-controversy requirement contained in 28 U.S.C. § 1332."); *United States v. Rendon*, 354 F.3d 1320, 1324-25 (11th Cir. 2003).

The Government argues that the statements in *Tinoco* about subject matter jurisdiction are dicta, in that they were not essential to the decision in that case. It argues that the court in *Tinoco* did not have to decide what kind of jurisdiction the statute addresses, but only whether the jurisdiction addressed in the statute was an element of the statutory offense, removed by Congress from the purview of the jury, in violation of the Fifth and Sixth Amendments. But, it is clear that the court did consider and decide what kind of jurisdiction was at issue as a part of its consideration of the constitutional question posed in *Tinoco*. Indeed, in its appellate brief arguing that case, the Government stated, "Although Congress used the term 'jurisdiction' in 'vessel subject to the jurisdiction of the United States[,]' this statutory requirement is not necessary to the jurisdiction of the federal courts." Brief of Appellee United States of America at 24, *United States v. Pedro Luis Christopher Tinoco*, 304 F.3d 1088 (2002) (No. 01-11012) (citations omitted). And, the Government further argued, at some length, that "the 'subject to the jurisdiction of the United States' requirement is best understood as one that circumscribes the sphere of official operations, as a courtesy to foreign[] nations." *Id.* at 26-27 (citations omitted). The court rejected these arguments when it discussed, also at length, that

7

the jurisdictional language in the statute defined the federal courts' subject matter jurisdiction. *Tinoco*, 304 F.3d at 1105-1112.

Moreover, subsequent opinions of this court have treated the language in *Tinoco* as binding and have, in fact, created additional precedent requiring us to treat Chamorro's argument as one regarding subject matter jurisdiction. *De La Garza*, 516 F.3d at 1271. In *De La Garza*, the court addressed on the merits the defendant's argument that he was not "on board a vessel subject to the jurisdiction of the United States," explicitly holding that the defendant's unconditional guilty plea "did not waive his subject matter jurisdiction argument because it cannot be waived." *Id.*[4]

Therefore, pursuant to our precedent, Chamorro's argument – that he was not on board a vessel subject to the jurisdiction of the United States because Ecuador had not "consented or waived objection to the enforcement of United States law by the United States," pursuant to 46 U.S.C. § 70502(c)(1)(C) – is a challenge to the federal courts' subject matter jurisdiction and could not be waived by his guilty plea.

Proceeding now to the substance of Chamorro's appeal, we find no merit in his argument that the United States lacked jurisdiction to prosecute him. The district

---

[4]We recognize that the *De La Garza* opinion is confusing, in that footnote 3 of that opinion states that it was not necessary for the court to decide whether subject matter jurisdiction was at issue because the defendant's argument that he was not on board a vessel subject to the jurisdiction of the United States had no merit. *De La Garza*, 516 F.3d at 1272, n.3. However, that footnote contradicts the prior explicit holding in the opinion that the defendant could not waive his subject matter jurisdiction argument and the court's decision to address that argument on the merits. *Id.* at 1271-72.

court held an evidentiary hearing on the jurisdictional question and received into evidence several statements regarding communications between the United States and Ecuador. Among these statements were two certifications from the United States Department of State stating that the Government of Ecuador had waived objection to the enforcement of United States law against the vessels it had apprehended, for the purpose of prosecuting Chamorro and his co-defendant in the United States. (R.4, Gov't Ex. 1 & 2.) The Government also presented an affidavit of a United States Coast Guard Lieutenant Commander who stated, "the Government of Ecuador consented to the enforcement of United States law by the United States over all vessels associated with this case . . . for the purpose of prosecuting CHAMORRO and [his co-defendant], who were identified as Colombian nationals, in the U.S." (R.4, Gov't Ex. 3 at 3 ¶ 4.)

Chamorro presented evidence of a facsimile communication by an Ecuadorian officer who, on the day that the United States Coast Guard intercepted the vessels at issue, granted the United States authorization "to retrieve the evidences and to detain the alleged authors of this action to then surrender them to Ecuadorian authorities with the respective evidence." (R.4, Def. Ex. 4 at 2 & Ex. 5 ¶ 2.) Chamorro argued

that this statement demonstrated that the Ecuadorian Government had not, in fact, granted the United States authority to prosecute Chamorro and his co-defendant.

The United States responded that the evidence demonstrated that the statement by the Ecuadorian officer was made early in the investigation and that, when it was determined later that two of the crew members on the vessels were Colombian (rather than Ecuadorian), the Ecuadorian government consented to enforcement of the United States' laws against the vessels to the extent necessary to prosecute the Colombians in the United States.

The district court found that Chamorro did not carry his burden of overcoming the presumption to which the State Department's certifications were entitled and held that the United States did have jurisdiction to proceed against Chamorro. We agree. The evidence Chamorro presented does little to call into doubt the veracity of the later statements by United States officials. Moreover, under the Act, "Consent or waiver of objection by a foreign nation to the enforcement of United States law by the United States . . . is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(c)(2)(B) (emphasis added).[5] In light of the

_____

[5]The substance of 46 App. U.S.C.A. § 1903, the prior codification, is the same. In that statute, however, some wording is reversed. *Id.* ("Consent or waiver of objection by a foreign nation to the enforcement of United States law by the United States . . . is conclusively proved by certification of the Secretary of State or the Secretary's designee.") (emphasis added).

fact that the Government presented two such certifications by the United States Department of State, the district court did not clearly err in its factual finding that Ecuador had waived objection to the United States' prosecution of Chamorro. Neither did it err in finding jurisdiction to prosecute Chamorro under the Act.

## V. CONCLUSION

For the foregoing reasons, Chamorro's conviction and sentence are affirmed.

AFFIRMED.