[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2010
JOHN LEY
CLERK

No. 09-16497
Non-Argument Calendar

_____

D. C. Docket No. 09-00053-CR-KOB-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS JEROME PROVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 9, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Marcus Jerome Provens appeals his convictions for possession of crack cocaine with intent to distribute and possession of a firearm during a drug trafficking offense, pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). Provens asserts the district court erred in denying his motion to suppress. Although Provens acknowledges in his brief that he entered into a guilty plea, he does not suggest he wishes to challenge that plea as involuntary. We review *de novo* whether a voluntary unconditional guilty plea waives the ability to appeal the rulings on a particular pre-trial motion. *United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003).

"Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *Id.* at 1320. In order to preserve a nonjurisdictional challenge, a defendant must, with the consent of the court and the government, enter a conditional plea which reserves, in writing, the right to have an appellate court review an adverse determination of a specified pretrial motion. Fed. R. Crim. P. 11(a)(2); *United States v. Betancourth*, 554 F.3d 1329, 1331-32 (11th Cir. 2009) (holding a defendant's expressed desire to reserve an issue for appeal did not convert an unconditional plea into a conditional one in the absence of a written agreement and the government's consent). We will not consider a defendant's challenge to the district court's denial of a motion to suppress if that

2

issue is not preserved in a conditional plea. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973);[1] *see also United States v. Wai-Keung*, 115 F.3d 874, 877 (11th Cir. 1997) (declining to discuss a suppression issue that was beyond the challenges that the conditional guilty plea permitted). However, "an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

Provens's plea before the district court was unconditional, and he does not dispute on appeal that it was knowingly and voluntary. Accordingly, he has waived his right to challenge the district court's denial of his motion to suppress, and we do not consider it. As this is the only basis upon which he appeals, we affirm his convictions.

**AFFIRMED.**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.