[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13102
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00404-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MUNOZ BRANT-EPIGMELIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2011)

Before CARNES, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Munoz Brant-Epigmelio appeals his convictions and 135-month total sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii), and for aiding and abetting the possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), 18 U.S.C. § 2 and 21 U.S.C. § 960(b)(1)(B)(ii). After review, we affirm.

I.

On August 18, 2009, the United States Coast Guard interdicted a go-fast vessel in international waters. The vessel displayed no indicia of nationality. Upon boarding the vessel, the Coast Guard discovered that the vessel had three crew members: two Venezuelan nationals and Brant-Epigmelio, a Colombian national. One of the Venezuelan nationals indicated that he was the master of the vessel and that the vessel was registered in Venezuela.

After inquiry by the Coast Guard, the Government of Venezuela confirmed Venezuelan registry of the vessel and granted the United States government

2

authorization to board and search the vessel. The Coast Guard searched the vessel and found forty-five bales of cocaine.

On August 27, 2009, a federal grand jury indicted Brant-Epigmelio on two counts: Count 1 charged conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, and Count 2 charged aiding and abetting the possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.

Brant-Epigmelio filed two motions to dismiss the indictment. In the first motion, Brant-Epigmelio challenged the district court's subject matter jurisdiction under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§70501 et. seq. In the second motion, Brant-Epigmelio raised constitutional challenges to the MDLEA. The district court denied both motions. After a bench trial, Brant-Epigmelio was convicted of both counts and sentenced to a total of 135 months imprisonment. Brant-Epigmelio now appeals.

II.

Brant-Epigmelio contends that the district court erred in denying his motion to dismiss the indictment for lack of subject matter jurisdiction.[1] The MDLEA prohibits drug trafficking by individuals aboard "a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(a)(1). A vessel subject to the jurisdiction of the United States includes "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." Id. § 70502(c)(1)(C). Under the MDLEA, a foreign nation's consent or waiver of objection "is proved conclusively by certification of the Secretary of State or the Secretary's designee." Id. § 70502(c)(2)(B).

In denying Brant-Epigmelio's motion to dismiss the indictment, the district court relied on a certificate issued by Coast Guard Commander Terrence Jones, the designee of the Secretary of State. On October 27, 2009, Jones certified: "On August 21, 2009, authorities of the Government of Venezuela notified the United States that it waived objection to the enforcement of U.S. law by the United States over the go fast vessel for the Colombian crewmember onboard." The district

---

[1] "Our review of a district court's determination of subject matter jurisdiction as well as statutory interpretation is de novo." United States v. Rendon, 354 F.3d 1320, 1324 (11th Cir. 2003). "The district court's factual findings with respect to jurisdiction, however, are reviewed for clear error." United States v. Tinoco, 304 F.3d 1088, 1114 (11th Cir. 2002). The government has the burden of proving that the statutory requirements of subject matter jurisdiction imposed by the MDLEA are satisfied. Id.

court found that the October 2009 certification "proved conclusively" that Venezuela had waived objection to the enforcement of United States law and that jurisdiction to prosecute Brant-Epigmelio under the MDLEA existed.

Brant-Epigmelio argues that the district court's reliance on Jones's October 2009 certification was error because it varied from an earlier certificate issued by Jones. On September 30, 2009, Jones certified: "On August 21, 2009, authorities of the Government of Venezuela notified the United States that it waived objection to the enforcement of U.S. law by the United States over the Colombian crewmember of the go-fast vessel."[2] The difference between the documents is that the October 2009 certification states that Venezuela waived objection to the enforcement of United States law "over the go fast vessel for the Colombian crewmember" while the September 2009 certification provided that it waived objection over "the Colombian crewmember of the go-fast vessel." Brant-Epigmelio argues that under the MDLEA jurisdiction runs with the vessel and asserts that the September 2009 certification shows that Venezuela only waived objection to the United States' prosecution of him.

---

[2] Brant-Epigmelio submitted Jones's September 2009 certificate in support of his motion to dismiss the indictment for lack of subject matter jurisdiction. The government submitted Jones's October 2009 certification in opposition to Brant-Epigmelio's motion.

We find Brant-Epigmelio's argument unperusasive. "A vessel subject to the jurisdiction of the United States" for purposes of the MDLEA includes "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. § 70502(c)(1)(C). While the language used in Jones's two certifications is slightly different, both show that the the government of Venezuela waived objection to the enforcement of United States law. The variation in the certifications is immaterial. See United States v. Aikins, 946 F.2d 608, 614 (9th Cir. 1990) (finding that foreign nation's consent was established by certification providing that the nation "consented to the enforcement of the United States law by the United States against the individuals found aboard" the vessel (emphasis added)). The district court did not clearly err in its factual finding that Venezuela waived objection to the United States' prosecution of Brant-Epigmelio. See Tinoco, 304 F.3d at 1114. Nor did the district court err in finding that jurisdiction to prosecute Brant-Epigmelio under the MDLEA existed.

### III

Brant-Epigmelio also argues that § 70502(c)(2)(B), which provides that a foreign nation's "[c]onsent or waiver . . . to the enforcement of United States law by the United States . . . is proved conclusively by certification of the Secretary of

6

State or the Secretary's designee," is unconstitutional because it violates the separation of powers doctrine. (emphasis added). "We review de novo the legal question of whether a statute is constitutional." United States v. White, 593 F.3d 1199, 1205 (11th Cir. 2010) (quotation marks omitted).

In United States v. Rojas, 53 F.3d 1212 (11th Cir. 1995), we rejected a separation of powers challenge to the pre-amendment version of the MDLEA's certification provision, concluding that "[n]egotiation with a foreign nation for permission to impose United States law in that nation's territory is . . . not an inherently judicial function."[3] Id. at 1214–15. Prior to amendment, the MDLEA provided that a foreign nation's waiver of objection to the enforcement of United States law "may be proved by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 1903(c)(1) (1995) (emphasis added). Brant-Epigmelio argues that the current version of the MDLEA, stating that waiver of objection is "proved conclusively" by certification, dictates a district court's jurisdictional decision and violates the separation of powers.

---

[3] Congress amended the MDLEA in 1996 to provide that: "[c]onsent or waiver of objection by a foreign nation to the enforcement of United States law by the United States . . . is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(c)(2)(B) (emphasis added). Although there are minor differences in wording between the 1996 amendment and the version of § 70502(c)(2)(B) currently in force, the substance is the same. See United States v. Betancourth, 554 F.3d 1329, 1334 & n.4 (11th Cir. 2009).

7

Although Rojas involved the pre-amendment version of the MDLEA, we find its reasoning to be persuasive. The separation of powers doctrine is "implicated when the actions of another Branch threaten an Article III court's independence and impartiality in the execution of its decisionmaking function." Rojas, 53 F.3d at 1214. The MDLEA's certification provision "merely provides a method by which the Executive Branch may evidence that it has obtained a foreign nation's consent [or waiver of objection] to jurisdiction." Id. Although § 70502(c)(2)(B) provides that waiver of objection is "proved conclusively" by certification, nothing in that provision "deprives the court of its ability and obligation to determine whether the requirements of the MDLEA have been met." Id. at 1214–15. Moreover, "the power to determine the jurisdiction of the courts of the United States is not purely judicial." Id. at 1215. As in Rojas, "[w]e readily conclude that [§ 70502(c)(2)(B)] does not implicate separation of powers." Id.

IV.

Brant-Epigmelio raises several additional constitutional challenges to the MDLEA. He argues that: (1) his prosecution violates the Due Process Clause because his offense conduct had no nexus with the United States; (2) the MDLEA violates the Due Process Clause and the Sixth Amendment right to a jury trial because the MDLEA does not require jurisdiction be proven to a jury beyond a

8

reasonable doubt; and (3) Congress exceeded its authority under the Piracies and Felonies Clause of the Constitution in enacting the MDLEA. Brant-Epigmelio's arguments are foreclosed by our circuit precedent. See United States v. Estupinan, 453 F.3d 1336, 1338–39 (11th Cir. 2006) (holding that Congress did not exceed its authority under the Piracies and Felonies Clause by enacting the MDLEA); United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003) (recognizing that "this circuit and other circuits have not embellished the MDLEA with a nexus requirement"); United States v. Tinoco, 304 F.3d 1088, 1109–10 (11th Cir. 2002) (concluding that the MDLEA's jurisdictional requirement "is not an essential ingredient or an essential element of the MDLEA substantive offense, and, as a result, it does not have to be submitted to the jury for proof beyond a reasonable doubt"); see also United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior panel precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or the Supreme Court." (quotation marks omitted)).

V.

Brant-Epigmelio also challenges the reasonableness of his 135-month total sentence. "We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir.

9

2009).  First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  Id.  (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)).  If we conclude that no procedural error occurred, "the second step is to review the sentence's 'substantive reasonableness' under the totality of the circumstances, including 'the extent of any variance from the Guidelines range.'"  Id.  (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597).  "If the district court's sentence is within the guidelines range, we expect that the sentence is reasonable."  United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)).

As for procedural error, Brant-Epigmelio contends that the district court based its sentencing decision on clearly erroneous facts, namely that no material

10

difference exists between 135 months imprisonment and the 126 months imprisonment that Brant-Epigmelio requested and that his co-conspirators received in Venezuela. The district court explained that it was rejecting Brant-Epigmelio requested sentence because 135 months imprisonment was an appropriate sentence for a crewmember in a drug trafficking case. The district court did not make clearly erroneous findings of fact.

Brant-Epigmelio also asserts that the district court procedurally erred by failing to adequately explain its sentence. The district court explained that its sentence was necessary given the nature and circumstances of the offense and Brant-Epigmelio's characteristics. That explanation was adequate. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) ("[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."). No procedural error occurred.

Brant-Epigmelio also challenges the substantive reasonableness of his 135-month total sentence, which was at the lowest end of his advisory Guidelines range of 135 to 168 months imprisonment. He argues that his sentence is unreasonable because he was sentenced to a longer term of imprisonment than his co-conspirators. We see no error in the district court's imposition of a low-end

guideline sentence for Brant-Epigmelio. Accordingly, we affirm Brant-Epigmelio's sentence.

AFFIRMED.