[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2011
JOHN LEY
CLERK

Nos. 10-13894; 10-14269
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20897-PCH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO ALBERTO SIMBAQUEBA BONILLA,
a.k.a. Mario Simbaqueba,
a.k.a. Mario Gaona,
a.k.a. Mario S. Bonilla,
a.k.a. Alberto Gaona,
a.k.a. Mario Simba,
a.k.a. Mario Simbaqueba Bonilla,
a.k.a. Mario Bsimbaqueba,
a.k.a. Mario Csimbaqueba,
a.k.a. Mario Psimbaqueba,
a.k.a. Mario Bonilla Simbaqueba,
a.k.a. Mario Ssimbaqueba,
a.k.a. Mario Alberto Simbaqueba,

Defendant - Appellant.

Appeals from the United States District Court
for the Southern District of Florida

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Mario Alberto Simbaqueba Bonilla challenges for the second time his convictions related to his participation in a conspiracy to misappropriate the personal and financial information of other persons. Bonilla pleaded guilty to sixteen different crimes related to the conspiracy. On appeal, this Court affirmed his convictions and sentences for one count of conspiracy, six counts of trafficking in unauthorized access devices, and five counts of aggravated identity theft, but we vacated his four convictions and sentences for the lesser-included offense of identity theft. United States v. Bonilla, 579 F.3d 1233 (11th Cir. 2009). On remand, the district court issued an amended judgment that ordered Bonilla to serve concurrent sentences of 60 months of imprisonment for his identity theft crimes. In this appeal, Bonilla argues pro se that the district court failed to vacate his four convictions for identity theft, and the United States concedes that error. We vacate the amended judgment of the district court, and we remand for the

2

district court to comply with our earlier decision.  Bonilla also appeals the denial

of his motion to dismiss his indictment, but we affirm.

The district court did not abuse its discretion by denying Bonilla's motion to

dismiss.  Bonilla alleged that he had been prosecuted, in violation of his right to

due process, for having defrauded an Assistant United States Attorney, but Bonilla

never produced any evidence of any wrongdoing.  As a general rule, a plea of

guilty waives all nonjurisdictional defects in the underlying proceeding.  Id. at

1240.  That is so because "a counseled plea of guilty is an admission of factual

guilt so reliable that, where voluntary and intelligent, it quite validly removes the

issue of factual guilt" and provides "a sufficient basis for the . . . imposition of

punishment."  Menna v. N.Y., 423 U.S. 61, 63 n.2, 96 S. Ct. 241, 242 n.2 (1975).

As a result, "[a] guilty plea . . . simply renders irrelevant those constitutional

violations not logically inconsistent with the valid establishment of factual guilt

and which do not stand in the way of conviction if factual guilt is validly

established."  Id.  Bonilla failed to establish that the alleged conflict of interest

harbored by the prosecutors was "logically inconsistent with . . . [his] factual

guilt."  Id.; see also United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir.

1986).  Bonilla admitted in his motion to dismiss that he defrauded the attorney by

"captur[ing] [his] financial login information" and using that "login information to

3

make money transfers between . . . [his] ETRADE accounts and [an] account in BONILLA's name." Bonilla waived the alleged error by pleading guilty.

Bonilla also argues, for the first time on appeal, about alleged defects in his indictment, but no error occurred, plain or otherwise. Bonilla argues that the five counts of his indictment that charge aggravated identity theft fail to allege that the crimes affected interstate commerce, but this omission did not affect the jurisdiction of the district court to adjudicate Bonilla's charges. See Alikhani v. United States, 200 F.3d 732, 735 (11th Cir. 2000). Bonilla waived that nonjurisdictional argument by pleading guilty. See United States v. Betancourth, 554 F.3d 1329, 1332 (11th Cir. 2009).

Bonilla also complains, for the first time on appeal, about ineffective assistance of appellate counsel, but because his underlying arguments lack merit, counsel cannot be faulted for failing to argue them on direct appeal. See Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009). Bonilla waived his challenge to an allegedly incorrect date in counts 7 and 19 of his indictment by pleading guilty, see United States v. McIntosh, 580 F.3d 1222, 1228 (11th Cir. 2009), and we corrected in his first appeal the constitutional error resulting from his convictions for both identity theft and aggravated identity theft, see Bonilla, 579 F.3d at 1243.

Bonilla also argues, for the first time on appeal, that his pleas of guilt were "unintelligently and unknowingly entered" because the district court failed to comply with Federal Rule of Criminal Procedure 11, but Bonilla made a similar challenge to his guilty pleas in his first appeal. See Bonilla, 579 F.3d at 1239. He is barred from getting "two bites at the same appellate apple." United States v. Fiallo-Jacome, 874 F.2d 1479, 1482 (11th Cir. 1989).

We **AFFIRM** the denial of Bonilla's motion to dismiss, and we **VACATE** the amended judgment of the district court and **REMAND** for it to comply with our instructions to vacate Bonilla's convictions and sentences for identity theft.