[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14855
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20672-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIEGO JAVIER CASTRO VARGAS,
a.k.a. Diego Castro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Diego Castro Vargas appeals his convictions for conspiracy to structure financial transactions to evade financial reporting requirements, in violation of 18 U.S.C. § 371 (Count 1), and for structuring financial transactions to evade financial reporting requirements, in violation of 31 U.S.C. § 5324(a)(3) (Count 4).  On appeal, Castro Vargas challenges his convictions on three grounds.  First, he argues that his indictment was defective, as it did not allege the necessary facts and elements required to support the charges against him.  Second, he contends that the district court erred in accepting his guilty plea, as it was not supported by a sufficient factual basis.  Third, he argues that his indictment was impermissibly multiplicitous, and that, as the court sentenced him to consecutive sentences, he was effectively punished twice for the same offense, in excess of the applicable statutory maximum.  Upon review of the record and consideration of the parties' briefs, we affirm.

I.

A defendant's unconditional guilty plea acts as a waiver of all non-jurisdictional challenges to his conviction.  *United States v. Betancourth*, 554 F.3d 1329, 1332 (11th Cir. 2009).  Challenges to the subject matter jurisdiction of the federal courts, however, cannot be waived.  *Id*.  Federal district courts have jurisdiction over offenses against the laws of the United States.  18 U.S.C. § 3231.  Accordingly, we have held that a defendant's argument that the indictment against

2

him failed to charge an offense that implicates the district court's jurisdiction cannot be waived. *See United States v. Thompson*, 702 F.3d 604, 606 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 2826 (2013) (discussing the effect of an unconditional guilty plea).

Not all defects in an indictment are jurisdictional, however, and should not be treated categorically. *See United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002); *United States v. McIntosh*, 704 F.3d 894, 902 (11th Cir.), *cert. denied*, 134 S. Ct. 470 (2013). Indictments that affirmatively allege conduct that does not represent a federal offense contain jurisdictional defects "because Congress's grant of jurisdiction to the district courts in criminal cases extends only to offenses against the laws of the United States." *McIntosh*, 704 F.3d at 902 (internal quotation marks omitted); *see* 18 U.S.C. § 3231. Omissions in an indictment, however, such as failing to allege an element of an offense, are not jurisdictional errors. *See Cotton*, 535 U.S. at 630–31, 122 S. Ct. at 1785; *see also McIntosh*, 704 F.3d at 903 ("An indictment's relationship to jurisdiction is thus based on whether it alleges conduct constituting a federal offense, not on some intrinsic value of an indictment as such.").

Castro Vargas waived his challenge to his indictment by virtue of his guilty plea. On appeal, he argues that the indictment was insufficient insofar as Counts 1 and 4 failed to allege the necessary facts and elements required for the charged

offenses.  As the alleged indictment defect is one of omission—*i.e.*, that the indictment failed to allege the necessary facts and elements of the charged offenses—Castro Vargas has not alleged a jurisdictional error.  *See Cotton*, 535 U.S. at 630–31, 122 S. Ct. at 1785.  Accordingly, he has waived his opportunity to challenge his indictment on this ground by virtue of his guilty plea.  *See Betancourth*, 554 F.3d at 1332.[1]

## II.

As noted, a defendant, by pleading guilty, waives the ability to appeal non-jurisdictional defects in his proceedings.  *Betancourth*, 554 F.3d at 1332.  Further, we have held that a defendant's factual-basis challenge presents a non-jurisdictional defect and, as such, is waived by a guilty plea.  *See United States v. Johnson*, 89 F.3d 778, 784 (11th Cir. 1996) (holding that the defendant's contention that there was no factual basis for his guilty plea was barred by the plea); *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam) (holding that the defendant's claim of an insufficient factual basis to support the indictment was a non-jurisdictional defect that was waived by his guilty plea).

---

[1]  Moreover, even if Castro Vargas had not waived this claim, it is still meritless.  The indictment properly stated the essential elements of the charged offenses underlying Counts 1 and 2, as well as Castro Vargas's charged conduct.  Accordingly, the indictment was sufficient.  *See United States v. Lang*, 732 F.3d 1246, 1247 (11th Cir. 2013).

Castro Vargas waived, by virtue of his guilty plea, his challenge to the factual basis underlying his plea. Thus, as Castro Vargas's claim alleging that there was an insufficient factual basis in support of his plea constitutes a non-jurisdictional challenge, it was waived by virtue of his guilty plea. *See Johnson*, 89 F.3d at 784.[2]

### III.

The failure to object to multiplicity in the indictment before trial waives the issue with regard to error in the indictment. *United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir. 1984). A failure to object to the indictment, however, will not bar a defendant from objecting to the imposition of multiple sentences. *Id.* If a defendant does not object to his multiple sentences below, we review only for plain error. *United States v. Frank*, 599 F.3d 1221, 1239 (11th Cir. 2010).

"An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008). As a multiplicitous indictment gives the jury more than one opportunity to convict the

---

[2] In any event, we note here, too, that even if Castro Vargas had not waived this claim, it is still meritless. Upon entering into the plea agreement, Castro Vargas and the government jointly submitted an agreed-upon factual proffer relaying the facts underlying Castro Vargas's guilty plea. At Castro Vargas's change of plea hearing, the government orally summarized the factual proffer, and Castro Vargas admitted that the facts contained in the proffer were correct. As such, there was sufficient evidence upon which the district court could reasonably find that Castro Vargas committed the offenses underlying Counts 1 and 4. *See United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000). Accordingly, the district court did not plainly err in determining that Castro Vargas's guilty plea was supported by a factual basis. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

defendant for the same offense, such an indictment violates double-jeopardy principles. *Id.*

We "use the *Blockburger*[3] test to determine whether an indictment is multiplicitous, verifying that each count requires an element of proof that the other counts do not require." *Williams*, 527 F.3d at 1241. If counts in the indictment are multiplicitous, separate sentences resulting from those counts are also multiplicitous. *See Mastrangelo*, 733 F.2d at 800. We have held, however, that charges are not multiplicitous where they differ by even a single element or alleged fact. *United States v. Costa*, 947 F.2d 919, 926 (11th Cir. 1991). Further, we have specifically concluded that "a conspiracy and the related substantive offense which is the object of the conspiracy, are separate and distinct offenses." *United States v. Ternus*, 598 F.3d 1251, 1254–55 (11th Cir. 2010).

As an initial matter, because Castro Vargas did not object to the alleged multiplicity of his indictment before the district court, he has waived that issue on appeal. *See Mastrangelo*, 733 F.2d at 800. While Castro Vargas similarly did not object to the district court's imposition of multiple consecutive sentences, his claim in this regard may proceed, subject to plain-error review. *See Frank*, 599 F.3d at 1239; *Mastrangelo*, 733 F.2d at 800.

---

3 *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932).

6

The district court did not plainly err in imposing consecutive sentences as to Counts 1 and 4. The conspiracy offense underlying Count 1 and the structuring offense underlying Count 4 were charged under separate statutes and consisted of distinct elements. *See* 18 U.S.C. § 371; 31 U.S.C. § 5324(a)(3); *Ratzlaf v. United States*, 510 U.S. 135, 136, 114 S. Ct. 655, 657 (1994); *United States v. Guerra*, 293 F.3d 1279, 1285 (11th Cir. 2002). Additionally, we have specifically held that a conspiracy and the related substantive offense are separate and distinct offenses. *See Ternus*, 598 F.3d at 1254–55. Thus, Counts 1 and 4 were not multiplicitous. *See Costa*, 947 F.2d at 926. Therefore, Castro Vargas's consecutive sentences on Counts 1 and 4 also were not multiplicitous. *See Mastrangelo*, 733 F.2d at 800.

Finally, Castro Vargas's claim that the district court imposed consecutive sentences in excess of the applicable statutory maximum is unavailing. Under the applicable statutes of conviction, Castro Vargas faced a statutory maximum sentence of five years' imprisonment as to each count. *See* 18 U.S.C. § 371; 31 U.S.C. § 5324(a)(3), (d)(1). Thus, neither his 60-month sentence as to Count 1, nor his 12-month sentence as to Count 4, exceeded the applicable statutory maximum.

**AFFIRMED.**

7