[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11135
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00132-MHH-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL ESQUIVEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 5, 2020)

Before BRANCH, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Gabriel Esquivel appeals his conviction, following a blind guilty plea, for possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  He argues that the district court erred by denying his motion to suppress evidence obtained during his traffic stop.  Because Esquivel concedes that he did not object to the magistrate judge's report and recommendation denying his motion to suppress, however, he has waived his right to challenge on appeal the denial of his motion to suppress.  Accordingly, we affirm.

On December 21, 2017, Esquivel was stopped by Officer Tyler Watson of the Hoover Police Department while driving a truck and attached trailer because he crossed the fog line more than once in violation of Alabama Code § 32-5A-88.[1] While writing up a citation, Officer Watson began to grow skeptical of Esquivel's story.  Esquivel said he worked for D&D Transport—a Texas based company— and was traveling from Texas to an unknown location in Virginia to pick up auto

---

[1] The Alabama Code provides for moving violations when drifting over lanes:

Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:

(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Ala. Code § 32-5A-88 (1975).

2

parts.  Esquivel stated that his company was not paying for any expenses and could not identify the specific route he was taking or who owned the trailer.  Officer Watson called for backup, and then asked for and received Esquivel's consent to search the truck and trailer.  During the search a canine alerted to the axle area of the truck, and Esquivel said it was "Okay" for the officers to drill a hole in the axle.  The officers found 9.7 kilograms of powder cocaine in the axles and arrested Esquivel.

Esquivel was indicted on the underlying charge.  He filed a motion to suppress the evidence obtained during the search of the trailer, but the magistrate judge determined that the officers had reasonable suspicion to detain Esquivel up to the point where he consented to the search.  The magistrate judge then warned Esquivel that failure to object to the R&R would constitute a waiver of his rights to challenge its conclusions, and recommended that the district court deny Esquivel's motion to suppress.  Esquivel did not object, and the district court denied the motion to suppress.  Esquivel then pleaded guilty and the district court sentenced him to 120 months imprisonment.  This appeal followed.

Rule 59 of the Federal Rules of Criminal Procedure provides a party's options following a magistrate judge's report and recommendation ("R&R"), namely: "[w]ithin 14 days after being served with a copy of the recommended disposition . . . a party may serve and file specific written objections to the

3

proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "Failure to

object in accordance with [Rule 59] waives a party's right to review." *Id*.

Additionally, we have a Circuit rule regarding a party's failure to object to a R&R:

> A party failing to object to a magistrate judge's findings or
> recommendations contained in a report and recommendation . . .
> waives the right to challenge on appeal the district court's order based
> on unobjected-to factual and legal conclusions if the party was
> informed of the time period for objecting and the consequences on
> appeal for failing to object. In the absence of a proper objection,
> however, the court may review on appeal for plain error if necessary
> in the interests of justice.

11th Cir. R. 3-1; *see also United States v. Garcia-Sandobal*, 703 F.3d 1278, 1282–

83 (11th Cir. 2013) (holding that a defendant's failure to file objections to an R&R

pursuant to Rule 59 waives that defendant's right to appellate review of any issues

determined by the magistrate judge in the R&R).

Here, Esquivel concedes that he did not object to the magistrate judge's

report and recommendation denying his motion to suppress. Thus, Esquivel

waived his right to challenge on appeal the denial of his motion to suppress.[2] *See*

---

[2] As an side matter, we note that generally under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, Esquivel's unconditional guilty plea would constitute a waiver of all non-jurisdictional defects that occurred prior to the plea, including his Fourth Amendment claims, because he did not "reserv[e] in writing the right to have an appellate court review an adverse determination of a specific pretrial motion[]."[2] Fed. R. Crim. P. 11; *see United States v. Betancourth*, 554 F.3d 1329, 1332 (11th Cir. 2009) ("A defendant who enters an unconditional plea of guilty waives all nonjurisdictional challenges to the conviction"); *see also United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973) (holding that a district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea). However, during the sentencing hearing the district court judge stated that "by pursuing a blind plea, you're reserving your right to challenge the Court's ruling on [the motion to suppresses]." This statement does not affect his waiver by failing to object to the R&R. And any concerns the district court judge's statement

Fed. R. Crim. P. 59(b)(2); 11th Cir. R. 3-1; *Garcia-Sandobal*, 703 F.3d at 1282–83.

Furthermore, while we may exercise our discretion to review the motion for plain error in the interests of justice, *see* 11th Cir. R. 3-1, Esquivel does not argue that review of his motion to suppress is necessary in the interests of justice until the first time in his reply brief.  Therefore, we do not consider his argument on this point.  *See United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (stating that issues raised for the first time in a reply brief are waived).

**AFFIRMED.**

---

might raise are not before us on appeal. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n. 8 (11th Cir.2003) (stating that if an appellant does not "plainly and prominently" raise an issue in his brief, it is considered abandoned).