[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12564
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00017-WS-MU-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JHONATAN GRANJA ANGULO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 16, 2020)

Before JILL PRYOR, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Jhonatan Granja Angulo appeals his conviction for one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a) and 70506(b). A magistrate judge found subject matter jurisdiction in the case. Then, without holding an evidentiary hearing, the district court denied Angulo's motions to dismiss the indictment and to suppress. Angulo challenges these three rulings. After careful review, we affirm.

## I.    BACKGROUND

We assume the parties are familiar with the facts and do not recount them in any detail here. We note, however, that we recently have addressed identical claims brought by two of Angulo's codefendants, Teofilo Ruiz-Murillo and Ercirilo Murillo Ruiz. *United States v. Ruiz*, 811 F. App'x 540 (11th Cir. 2020) (unpublished); *United States v. Ruiz-Murillo*, 736 F. App'x 812 (11th Cir. 2018) (unpublished). In Ruiz-Murillo's case, we detailed the facts related to the codefendants' offense. *See Ruiz-Murillo*, 736 F. App'x at 814–15.

As we recounted there, a magistrate judge conducted a preliminary hearing at which it determined that the court had subject matter jurisdiction over the case. A grand jury then indicted Angulo, Ruiz, and Ruiz-Murillo. The three moved to dismiss the indictment, arguing that: (1) the United States lacked subject matter

2

jurisdiction because the vessel upon which they were apprehended was not stateless and was not in international waters when the Coast Guard stopped them; (2) the MDLEA was unconstitutional because it lacked a requirement that the government prove a nexus between the United States and the defendants; and (3) the Southern District of Alabama was not the appropriate venue. Angulo, Ruiz, and Ruiz-Murillo also moved to suppress evidence seized from a warrantless search of the vessel, reiterating the argument that the government failed to prove the vessel's presence in international waters as the MDLEA requires and arguing that the government failed to show reasonable suspicion for the search. Without holding a hearing, the district court denied the motions. *See Ruiz-Murillo*, 736 F. App'x at 815 (explaining the government's response to the motion to dismiss and the district court's order).

Each codefendant then pled guilty. Angulo pled guilty pursuant to a written plea agreement in which he did not reserve his right to appeal issues raised in any pretrial motions.[1] The district court sentenced Angulo to 60 months' imprisonment followed by 5 years' supervised release. This is Angulo's appeal.

## II.    STANDARDS OF REVIEW

---

[1] Ruiz-Murillo pled guilty pursuant to a conditional plea, expressly reserving his right to appeal issues raised in the pretrial motions. *See Ruiz-Murillo*, 736 F. App'x at 815. Ruiz pled guilty without a plea agreement. *See Ruiz*, 811 F. App'x at 542.

We review *de novo* questions of statutory subject matter jurisdiction. *United States v. McPhee*, 336 F.3d 1269, 1271 (11th Cir. 2003). We also review *de novo* whether a defendant has waived his right to appeal an issue by entering an unconditional guilty plea. *United States v. Patti*, 337 F.3d 1317, 1320 & n.4 (11th Cir. 2003). We review a district court's denial of an evidentiary hearing for an abuse of discretion. *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014).

## III.    DISCUSSION

On appeal Angulo argues that: (1) the magistrate judge erred in determining subject matter jurisdiction without referring the matter to the district court; (2) the district court erred in deciding the motions to dismiss the indictment and to suppress without holding a hearing; and (3) the district court improperly relied on certain evidence to conclude that the vessel was subject to the United States' jurisdiction, including testimony admitted at the magistrate judge's preliminary hearing. Angulo does not argue that the district court lacked subject matter jurisdiction; rather, he raises challenges to "the procedure that [was] due." Appellant's Br. at 1.

By pleading guilty unconditionally, Angulo has waived all of these arguments.[2] *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008) ("The general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction."); *see United States v. McCoy*, 266 F.3d 1245, 1252 (11th Cir. 2001) ("[A]n indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case and empowers it to rule on the sufficiency of the indictment."). Even if Angulo's guilty plea did not bar our consideration of the arguments he makes on appeal, we would reject them for the same reasons we rejected his codefendant Ruiz-Murillo's identical arguments. *See Ruiz-Murillo*, 736 F. App'x at 816-19 & n.3 (concluding that any error in the magistrate judge's pre-indictment jurisdictional determination was harmless; the district court was entitled to rely on the evidence challenged, including testimony before the magistrate judge; the district court was not required to hold an evidentiary hearing because the motion to dismiss failed to allege facts that, if proven, would require the grant of relief; and the motion to suppress was properly denied). Notably, Angulo does not argue that *Ruiz-Murillo* is inapplicable or

---

[2] It is undisputed that Angulo's plea was unconditional. Conditions to a guilty plea must be in writing and consented to by the government and the district court. *United States v. Betancourth*, 554 F.3d 1329, 1332 (11th Cir. 2009). Even though Angulo pled guilty pursuant to a plea agreement, his agreement (unlike his codefendant Ruiz-Murillo's) contained no reservation of rights to appeal any issues in his pretrial motions.

unpersuasive; he does not cite his codefendant's case at all. Thus, waived or not,

Angulo's challenges lack merit.

## IV.    CONCLUSION

For the foregoing reasons, we affirm Angulo's conviction.

**AFFIRMED.**