[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12976

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VLADIMIR RIVAS-RIVAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00172-CG-MU-2

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Vladimir Rivas-Rivas appeals his 120-month sentence for conspiracy to distribute and to possess with the intent to distribute more than five kilograms of cocaine on board a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. §§ 70503(a)(1) and 70506(a), (b). Rivas-Rivas raises three arguments on appeal: 1) his sentence is substantively unreasonable under 18 U.S.C. § 3553; 2) the district court lacked subject matter jurisdiction over his case; and 3) that the MDLEA is unconstitutional. The government has moved to dismiss Rivas-Rivas's appeal based on the appeal waiver in his plea agreement. For the reasons below, we grant the government's motion to dismiss all of Rivas-Rivas's claims.

## I.

Rivas-Rivas was charged with conspiracy to distribute and to possess with the intent to distribute more than five kilograms of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) and 21 U.S.C. § 960(b)(1)(B) (Count One), and possession of 695 kilograms of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a) and 21 U.S.C. § 960(b)(1)(B) (Count Two).

In a written plea agreement, Rivas-Rivas agreed to plead guilty to Count One in exchange for the dismissal of Count Two. The agreement stipulated that a statutory term of imprisonment of ten years to life applied for Count One. The government also agreed to recommend a sentence in the middle of the guideline range. Under the agreement, Rivas-Rivas knowingly and voluntarily waived the right to file a direct appeal or collateral attack to challenge his guilty plea, conviction, or sentence, except under limited exceptions. Rivas-Rivas reserved the right to appeal a sentence imposed in excess of the statutory maximum or a sentence that constituted an upward departure or variance from the guideline range and reserved the right to claim ineffective assistance of counsel in a direct appeal or 28 U.S.C. § 2255 motion. If the government filed an appeal, Rivas-Rivas was released from the appeal waiver. Rivas-Rivas also reserved the right to move for an amended sentence, under 18 U.S.C. § 3582, upon a future retroactive amendment to the Sentencing Guidelines that would affect his sentence.

At sentencing, the district court found Rivas-Rivas's total offense level was 35 and his criminal history category was I, which resulted in an advisory range of 168 to 210 months in prison. The district court imposed a 120-month sentence, which was the mandatory minimum sentence and below the guidelines range.

## II.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A

sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). For a waiver to be made knowingly and voluntarily, the government must establish either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.*

A district court's failure to list every possible exception to an appeal waiver does not alter whether a waiver was entered into knowingly and voluntarily because "the touchstone for assessing this question is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (cleaned up). We have held that a defendant who initials and signs a plea agreement containing an appeal waiver—affirming that he has read the agreement, discussed it with his counsel, and understood the agreement's terms—has knowingly and voluntarily made the waiver. *Id.*

Although "an effective waiver is not an absolute bar to appellate review," *Johnson*, 541 F.3d at 1068, exceptions are rare. Generally, a defendant may waive constitutional issues by executing a valid collateral attack waiver. *See United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (defendant "was free to bargain away his right to raise constitutional issues as well as non-constitutional ones, and he did so").

"Motions to dismiss based upon sentence appeal waivers should be decided at the earliest stage in the process at which it is feasible to do so, and except in extraordinary circumstances should not be carried with the case until after briefing." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).

"We review *de novo* a district court's interpretation and application of statutory provisions that go to whether the court has subject matter jurisdiction." *United States v. Betancourth*, 554 F.3d 1329, 1331 (11th Cir. 2009) (cleaned up). However, the district court's factual findings with respect to jurisdiction are reviewed for clear error. *Id.*

### III.

Under the appeal waiver, Rivas-Rivas specifically agreed not to "challenge his guilty plea, conviction, or sentence." The appeal waiver is enforceable, as the district court specifically questioned Rivas-Rivas about the waiver during the plea colloquy and none of the exceptions apply. *Bushert*, 997 F.2d at 1351. Moreover, Rivas-Rivas confirmed to the district court that he had received a copy of the plea agreement, reviewed it with his attorney and understood its terms. Thus, Rivas-Rivas's claims that his sentence is substantively unreasonable and that the MDLEA is unconstitutional are both barred by the appeal waiver.

However, his claim that the district court lacked subject matter jurisdiction over his case is not barred by the appeal waiver. *See United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016)

(jurisdictional defect cannot be cured by waiver). Rivas-Rivas argues that the government failed to establish that the vessel was without nationality and thus a "covered vessel" for purposes of 46 U.S.C. § 70503. Specifically, Rivas-Rivas argues that "there was no inquiry into whether the vessel was of Panamanian nationality even though the vessel was just 64 nautical miles from Panama."

"The MDLEA makes it a crime to distribute a controlled substance while on board 'a vessel subject to the jurisdiction of the United States.'" *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016) (quoting 46 U.S.C. §§ 70503(a)(1), 70506(b)). Under the MDLEA, "a vessel without nationality" is subject to the jurisdiction of the United States. *Id.* (citing 46 U.S.C. § 70502(c)(1)(A)). The term "vessel without nationality" includes "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively or unequivocally assert that the vessel is of its nationality." 46 U.S.C. § 70502(d)(1)(C).

Here, Rivas-Rivas himself testified that "[q]uestioning of the crew by the USCG Boarding Team lead [sic] to a claim of Costa Rican nationality for the vessel." "Upon checking with Costa Rican authorities, Coast Rica could neither confirm nor deny the nationality of the vessel." Because Costa Rica did not "affirmatively or unequivocally assert that the vessel [was] of its nationality," it was a "vessel without nationality" under 46 U.S.C. § 70502(d)(1)(C) and jurisdiction was proper.

Rivas-Rivas argues that the government could not establish that the vessel was not Panamanian nationality because it was "just 64 nautical miles from Panama." But no claim was made regarding Panamanian nationality, and mere physical proximity to a nation does not change the vessel's legal status under 46 U.S.C. § 70502(d)(1). Thus, even under *de novo* review, the district court did not err in concluding jurisdiction was proper.

Accordingly, we **GRANT** the government's motion and **DISMISS** Rivas-Rivas's appeal.