[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10656
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80153-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELSON MARC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 25, 2020)

Before GRANT, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Delson Marc appeals his convictions after pleading guilty to (1) conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 4); (2) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 5); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 8).  No reversible error has been shown; we affirm but dismiss this appeal in part.

I.

Marc first challenges the district court's denial of his second motion to withdraw his guilty plea.  Briefly stated, Marc contends that the First Step Act[1] -- enacted over a month after Marc pleaded guilty but before sentencing -- rendered Marc's plea unknowing and involuntary.  Marc contends that his lawyers advised him incorrectly about the consequences of pleading guilty.  Marc says he entered a guilty plea based on his lawyers' erroneous advice that he faced a 20-year mandatory minimum sentence on Counts 4 and 5.  But pursuant to the later-enacted First Step Act, Marc says he would no longer be subject to an enhanced

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

2

sentence under 21 U.S.C. § 851 and, thus, would face only a 10-year mandatory minimum on Count 4 and 5.[2]  Marc also contends that his lawyers pressured him to plead guilty and denied him access to all discovery.

We review the denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard.  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006).

A defendant -- like Marc -- who seeks to withdraw a guilty plea after the court has accepted the plea but before sentencing bears the burden of demonstrating a "fair and just reason" for doing so.  See Fed. R. Crim. P. 11(d)(2)(B); United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006).  We construe liberally whether a defendant's pre-sentence motion to withdraw is supported by a "fair and just reason."  See United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).  A defendant, however, has "no absolute right to withdraw a

---

[2]  To be clear, Marc makes no argument that he was erroneously denied the benefit of the First Step Act later at his sentencing.  At sentencing, the district court recognized that -- under the First Step Act -- Marc was no longer subject to a mandatory minimum sentence of 20 years' imprisonment.  Nevertheless, the district court determined that a 20-year sentence was an appropriate sentence given the circumstances of Marc's offense and, thus, accepted the 20-year sentencing recommendation in the plea agreement.

Instead, Marc's argument on appeal is a focused argument:  that, had he known he would be subject to a lower mandatory minimum sentence, he would not have pleaded guilty and would not have agreed to a recommended 20-year sentence.

Marc's sentencing guidelines range for the pertinent crimes was greater than 20 years at all pertinent times.

guilty plea." Id. Instead, whether a defendant will be allowed to withdraw his plea is a decision "left to the sound discretion of the trial court." Id.

In determining whether a defendant has satisfied his burden of showing a "fair and just reason" for withdrawal of his guilty plea, the district court must "consider the totality of the circumstances surrounding the plea." Id. at 471-72. In particular, the district court considers "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Brehm, 442 F.3d at 1298. If the defendant cannot satisfy the first two factors, we have said that the district court need not give "considerable weight" or "particular attention" to the remaining factors. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

The district court abused no discretion in denying Marc's motion to withdraw his guilty plea. About the assistance from counsel, Marc was represented by three criminal defense lawyers, two of whom were present at Marc's plea hearing. Marc testified at his plea hearing that he had discussed with his lawyers -- and understood -- the charges against him, the possible sentences, and the terms of the plea agreement. Marc also conferred several times with his lawyers during the plea hearing. Marc then testified that he was "definitely"

4

satisfied with his lawyers' representation and that he had no additional questions for his lawyers.

Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  A defendant "bears a heavy burden" to show that statements made under oath were false.  United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

Marc's testimony at the plea hearing -- that he had discussed fully his case with his lawyers and needed no more time to do so -- contradicts his later assertion that his lawyers denied him access to some discovery.  Moreover, Marc has provided no explanation about how the purportedly unavailable audio and video evidence would have changed his decision to plead guilty.  Given the record in this case, Marc has not satisfied his "heavy burden" of showing that his earlier statements made under oath were false.

About the voluntariness of Marc's plea, Marc said repeatedly during the plea hearing that he was pleading guilty freely and voluntarily.  Marc's later assertion that his lawyers pressured him to plead guilty is belied by Marc's testimony at the plea hearing that he was not coerced into pleading guilty and was, instead, pleading guilty because he was guilty of the charged offenses.  The district court also noted that Marc's lawyers made a "good decision" on Marc's behalf to negotiate the plea

agreement under which the government agreed to dismiss a count under 18 U.S.C. § 924(c) that carried a 5-year consecutive sentence.  Marc also said several times that he understood the charges against him and understood that -- based on the then existing law -- the minimum sentence he could receive was 20 years' imprisonment and that the district court could impose a sentence of more than 20 years.

Marc now contends that his plea was rendered involuntary and unknowing by a later event: the later enactment of the First Step Act.  This argument is without merit.  The voluntariness of a guilty plea is determined by considering all the circumstances surrounding the plea, including "the possibility of a heavier sentence following a guilty verdict after a trial."  Brady v. United States, 397 U.S. 742, 749 (1970).  "[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rests on a faulty premise."  Id. at 757 (emphasis added).  This conclusion is true when the defendant's decision to plead guilty was made in reliance on his lawyer's then-correct advice about the applicable law.  Id.; see United States v. Maldenaldo Sanchez, 269 F.3d 1250, 1285 (11th Cir. 2001) (en banc), abrogated on other grounds by United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005) (rejecting -- based on Brady -- defendants' argument that a later change in the law "retroactively invalidated" their otherwise valid guilty pleas).

Although Marc asserts that his lawyers told him erroneously that the lowest possible sentence he faced was 20 years' imprisonment, Marc concedes that his lawyers' advice was correct when Marc entered his guilty plea.  That the passage of the First Step Act might have changed Marc's calculus about the benefits of pleading guilty does not render retroactively his plea involuntary or unknowing. See Brady, 397 U.S. at 757 ("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.").

Because Marc has failed to show either that he received less than the close assistance of counsel before or during his plea or that his plea was not entered knowingly and voluntarily, we need not give particular attention to the remaining two factors.  See Gonzalez-Mercado, 808 F.2d at 801.  On this record, Marc has failed to show a fair and just reason for withdrawing his plea; the district court abused no discretion in denying Marc's motion.

II.

Marc also challenges his conviction under 18 U.S.C. § 922(g) for being a felon in possession of a firearm.[3]  Briefly stated, Marc contends -- in the light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019) -- that both his indictment and section 922(g) are constitutionally deficient for failing to list as an element of the offense knowledge of the firearm possession or knowledge of status as a convicted felon.

An appeal waiver looms over this case.  We review de novo the validity of an appeal waiver.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  An appeal waiver is enforceable if it is made knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was knowing and voluntary, the government must show either that "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  Id.  "An appeal waiver includes the waiver of the right to appeal difficult or debatable

---

[3] In the light of the record -- including the parties' appellate briefs -- we construe Marc's 18 February 2019 notice of appeal as also appealing timely the 11 February 2019 final judgment of conviction.  For background see Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016).

legal issues or even blatant error." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

We conclude that Marc's appellate arguments based on Rehaif are barred by his appeal waiver. Marc's written plea agreement provided expressly that Marc waived the right "to assert any claim that: (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction."

During Marc's plea colloquy, the district court discussed in detail the terms of the appeal waiver. Among other things, the district court explained that Marc was waiving the right to appeal the final judgment or sentence, except in limited circumstances -- circumstances not applicable in this case. The district court also said expressly that Marc was "giving up any complaint that the statutes are unconstitutional or that your conduct doesn't fall within the scope of the statutes." Marc said that he had discussed the appeal waiver with his lawyers, that he understood the appeal waiver, and that he had reviewed and signed the plea agreement. Because the record demonstrates that Marc waived knowingly and voluntarily his right to appeal his convictions, we will enforce the plea agreement's appeal waiver.

We also reject Marc's contention that his indictment contained a jurisdictional defect not subject to waiver. Marc's indictment charged a violation

9

of a valid federal statute -- 18 U.S.C. § 922(g) -- and, thus, invoked the district court's subject-matter jurisdiction over the offense.  See United States v. Brown, 752 F.3d 1344, 1354 (11th Cir 2014).  That the indictment failed to charge an essential element of the offense "does not strip the district court of jurisdiction over the case."  See id.  Because the purported defect in the indictment was non-jurisdictional, Marc waived his right to challenge the indictment by executing a valid appeal waiver and by entering an unconditional guilty plea.  See id.; United States v. Betancourth, 554 F.3d 1329, 1332 (11th Cir. 2009) ("A defendant who enters an unconditional plea of guilty waives all nonjurisdictional challenges to the conviction . . ..").

Accordingly, we dismiss Marc's appeal to the extent he challenges his conviction under section 922(g).

AFFIRMED; APPEAL DISMISSED IN PART.